RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED\_\_\_\_
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD S. PATOSKI,

　　　　Plaintiff,

v.

ALPHONSO JACKSON, SECRETARY,
DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,

　　　　Defendant.

**05 - 11086 RCL**

MAGISTRATE JUDGE Alexander

COMPLAINT AND JURY TRIAL DEMAND

A.　Nature of the Action

This is an action for equitable and legal relief, attorney's fees, costs and other relief against Defendant, based on its discrimination against Plaintiff on account of his age, race and or gender. This suit is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, the ADEA, and the Fifth Amendment of the United States Constitution.

B.　Jurisdiction

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. Venue in this district is proper pursuant to 28 U.S.C. § 1391, in that each cause of action arose in this district. All conditions precedent to suit have been complied with, to wit: Plaintiff timely initiated EEO activity, and the Equal Employment Opportunity Commission ("EEOC") issued its Decision on February 25, 2005. The Plaintiff's present Complaint is brought within the requisite 90 days of his receipt of the EEOC decision.

C.  Parties to the Action

1.  Plaintiff Richard S. Patoski is an individual with a place of residence at 28 Brookhouse Drive, Marblehead, MA 01945.

2.  Defendant Alphonso Jackson is the Secretary of the United States Department of Housing and Urban Development and is sued in his official capacity only [hereinafter this defendant is referred to as "HUD"].

D.  FACTUAL ALLEGATIONS

3.  Plaintiff is a Caucasian male with a date of birth of January 2, 1949.

4.  Plaintiff began to work for HUD in 1972.

5.  Since 1980, Plaintiff worked as a Community Planning and Development ("CPD") Representative in the CPD Division in HUD's Boston Field Office. Plaintiff performed his job in a competent and professional manner. Plaintiff received outstanding performance evaluations and special awards.

COUNT I – NON-SELECTION FOR COMMUNITY BUILDER POSITION --
ADEA – AGE DISCRIMINATION

6.  In or about October 1997, Plaintiff applied for one of four Community Builder/Community Resource Representative positions in HUD's Boston office at the GS-14 level. These Community Builder positions were new positions, created to solely carry out a function that was one of Plaintiff's duties at the GS-12 level that he was in at the time.

7.  It was determined that Plaintiff met the minimum qualifications for the position at the GS-14 level. Plaintiff's application received the highest rating score possible

and his name was placed on the "Best Qualified List" for the GS-14 level Community Builder position.

8. Jose Cintron, then Acting Deputy Assistant Secretary for Public and Indian Housing in Washington, D.C., (then 44 years old), was the Selecting Officer for the Boston CB vacancies. In making the selections, Mr. Cintron relied on and/or deferred the selection decisions to the Secretary's Representative for the region where the vacancy was located.

9. For the Boston Office, the Secretary's Representative was Mary Lou Crane.

10. Ms. Crane made the selections for the Boston Community Builder positions based in part on her interest in workforce "diversity." On information and belief, Ms. Crane, who was not in the Plaintiff's chain of command, and who should not have been consulted, informed Mr. Cintron that Plaintiff did not have the interpersonal skills to successfully perform the Community Builder position. Mr. Cintron adopted Ms. Crane's selections, as he believed that it is more difficult for older persons to change their behavior.

11. On or about April 3, 1998, Plaintiff received a letter dated March 20, 1998, in which he was informed that he was not selected for one of the Community Builder/Community Resource Representative positions.

12. On or about July 1, 1998, Plaintiff filed an EEO complaint alleging discrimination based on age and gender, when he was not selected for one of four Community Builder/Community Resource Representative positions.

13. On or about September 30, 1999, the District Inspector General for Audit Southwest District released an Audit, addressing the Community Builder selection

process. HUD's own Inspector General Report documented the fact that after the Secretary of HUD was advised that he could not use race as a factor in hiring decision, the Secretary stated that he wanted to use diversity as a selection criteria, and another employee pointed out during that same meeting that "diversity was easy to tell from the volunteer activities in the resume, or that one could also determine it during the interview."

14. At the time of the Plaintiff's rejection, HUD had promulgated, and implemented an affirmative action program that unlawfully discriminated against white males, and gave preferences in numerous aspects of employment to minorities and women. The affirmative action program implemented by HUD was not designed to cure past acts of discrimination and was not narrowly tailed to achieve legitimate goals.

15. HUD collected and compiled minority data from the applications for each city which had a CB vacancy, and other documents show that diversity appeared to be a factor in the CB selection process.

16. All the people chosen for the Community Builder position in Boston were endorsed by Ms. Crane. Ms. Teninga (female) and Mr. Reeves (black male) were initially chosen because Ms. Crane favored their selection, but they declined the offers. Ultimately, three younger individuals, two of which were female, were selected for the Boston CB vacancies.

17. Plaintiff's qualifications for the Community Builder were objectively better than the selectees (i.e., Ms. Griswold, Mr. Polito and Ms. Pellegrino). Ms. Pellegrino had much less experience than Plaintiff, and her experience was confined to one

Agency program (Housing). Although Ms. Pellegrino was found eligible, other candidates were found ineligible because their applications showed that they lacked knowledge of Agency programs and or only had experience in one program area.

18. HUD offered pretextual reasons for Plaintiff's non-selection, relating to his purported lack of "people skills."

19. When filling the Community Builder positions, HUD violated various policies and procedures, including, without limitation, the requirement to preserve all the selection records, and failing to use consistent rating and ranking procedures in the nationwide selection process.

20. A departmental atmosphere of discrimination is also demonstrated by the fact that so many women and minorities were selected for the positions, even though they were already over-represented in the Agency's work force at the upper grade levels.

21. HUD discriminated against Plaintiff on the basis of his age (49), in violation of the ADEA, when it failed to select Plaintiff for one of the Community Builder positions.

22. As a result of the unlawful rejection of Plaintiff's application, Plaintiff has suffered lost wages, lost benefits, inconvenience and emotional suffering for which he seeks compensation.

COUNT II – NON-SELECTION FOR COMMUNITY BUILDER POSITION
TITLE VII – GENDER DISCRIMINATION

23. Plaintiff reasserts and realleges the above allegations.

24. HUD discriminated against Plaintiff on the basis of his gender (male), in violation of Title VII, when it failed to select Plaintiff for one of the Community Builder positions.

### COUNT III – NON-SELECTION FOR COMMUNITY BUILDER POSITION
### TITLE VII AND ADEA – COMBINATION OF AGE AND GENDER DISCRIMINATION

25. Plaintiff reasserts and realleges the above allegations.

26. HUD discriminated against Plaintiff on the based of his gender (male), his age (49), or a combination of both, in violation of Title VII and the ADEA, when it failed to select Plaintiff for one of the Community Builder positions.

### COUNT IV – NON-SELECTION FOR COMMUNITY BUILDER POSITION
### TITLE VII – GENDER DISCRIMINATION WAS A MOTIVATING FACTOR
### 42 U.S.C. § 2000e-2(m)

27. Plaintiff reasserts and realleges the above allegations.

28. Whether or not Plaintiff would have been selected for a Community Builder position but for his gender, he is nevertheless entitled to relief 42 U.S.C. § 2000e-2(m), because his gender was improperly considered in the decision not to select Plaintiff for a Community Builder position.

### COUNT V – NON-SELECTION FOR PHRS POSITION
### TITLE VII AND ADEA – COMBINATION OF AGE AND GENDER DISCRIMINATION

29. Plaintiff reasserts and realleges the above allegations.

30. HUD put out two different vacancy announcements for a single Public Housing Revitalization Specialist (PHRS) position in Boston. One vacancy was for only internal, career status candidates (MSR) and the other vacancy announcement was for both internal and external candidates (DEU).

31. When an agency fills a vacancy using a Delegated Examining Unit (DEU) process, the Agency must follow OPM's regulations for that process. OPM's DEU regulations are designed to achieve merit system objectives.

32. On or about January 21, 2000, Plaintiff timely submitted his applications for both the MSR and DEU announcements for the PHRS position in Boston.

33. On May 16, 2000, Plaintiff was notified that he was eligible and qualified under the PHRS DEU vacancy at the GS-13, GS-14 and GS-15 level.

34. On June 25, 2000, Plaintiff was informed, incorrectly, that he was unqualified for the MSR PHRS vacancy at the GS-14 level. After Plaintiff complained about the inconsistency between the eligibility determinations for his MSR application and for his DEU application, HUD claimed there had been a procedural error and placed him in a "priority consideration," program for future job applications, to make up for the error, claiming that it was a benefit when in fact, there was no benefit.

35. Mr. Knighton, a black male, an unlawfully hired temporary HUD employee, inappropriately applied for a PHRS position using the MSR process, for which he was properly found ineligible. HUD, *sua sponte*, forwarded Mr. Knighton's application to the DEU selection process. However, other white applicants who had applied under the MSR process did not have their applications forwarded to the DEU process. As a result of the advantage gained by Mr. Knighton, he was placed on the PHRS DEU "Certificate of Eligibles."

36. Mr. Gallagher, a white male was determined ineligible for the position at the GS-15 level but was improperly placed on the GS-15 rating roster and rated for the

7

GS-15 position in Boston. He was ultimately selected for a GS-13 PHRS job in Washington, D.C.

37. But for the inappropriate processing of Mr. Knighton and Mr. Gallagher's applications, Plaintiff would have been on the GS-15 "Certificate of Eligible" for the PHRS DEU job from which the selection was made.

38. When filling the PHRS positions, HUD violated various policies and procedures, including, without limitation, the requirement to preserve all the selection records.

39. The Agency's applicable Collective Bargaining Agreement (CBA) provisions require the Agency to use a crediting plan to rate and rank candidates. The Agency's CBA also requires that the "[r]atings shall be sufficiently documented in order to reconstruct the action." However, HUD is unable to confirm whether there was a crediting plan developed or used for the staffing panels who rated the DEU applicants for the PHRS jobs. Indeed, there was no crediting plan developed for the staffing panels who rated the DEU applicants for the PHRS positions.

40. Eventually, Mr. Ogunbola, a younger black male, was chosen for the PHRS position. HUD improperly "groomed" Mr. Ogunbola for the position, by illegally using OPM Schedule A hiring authority to place him in the PHRS position as a temporary employee.

41. Plaintiff was discriminated against on the based of his sex (male), his age (49), or a combination of both, when he was not selected for the PHRS position, in violation of Title VII.

42. As a result of the unlawful rejection of Plaintiff's application, Plaintiff has suffered lost wages, lost benefits, inconvenience and emotional suffering for which he seeks compensation.

### COUNT VI – NON-SELECTION FOR PHRS POSITION
### TITLE VII – GENDER AND/OR RACE DISCRIMINATION WAS A MOTIVATING FACTOR

43. Plaintiff reasserts and realleges the above allegations.

44. Whether or not Plaintiff would have been selected for a PHRS position but for his gender or race, he is nevertheless entitled to relief pursuant to 42 U.S.C. § 2000e-2(m), because his gender and/or race was improperly considered in the decision not to select Plaintiff for the PHRS position.

### COUNT VII – DECLARATORY JUDGMENT – INSTITUTIONALIZED DISCRIMINATION – TITLE VII AND THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION

45. Plaintiff reasserts and realleges the above allegations.

46. HUD has, and continues to engage in a pattern and practice of unlawfully favoring women and certain races and ethnicities with regard to promotions, whereby HUD has deprived, and continues to deprive Plaintiff of his right to Equal Protection under the law.

47. Statistical and other evidence demonstrates that HUD favors women and certain minorities, and disfavors White males in promotions. Plaintiff was not selected for positions because of actions emanating from an affirmative action program pursued by HUD.

48. The current, and on-going policies and practices of HUD which favors women and certain races and ethnicities in promotion was/is not designed to cure past acts of discrimination, and was/is not narrowly tailored to achieve legitimate goals.

Wherefore, the Plaintiff requests that this Court order:

a) That the Plaintiff be compensated for any loss of wages and/or benefits incurred as a result of discriminatory rejection, incurred either before or after judgment (back pay and front pay);

b) that the Plaintiff be awarded an amount of money which will fairly compensate him for his emotional and physical pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

c) that the Plaintiff be awarded an amount of money which will fairly compensate him for the damage to his reputation and/or the diminution of his earning capacity;

d) that the Defendant pay the Plaintiff costs and attorney's fees resulting from this action;

e) that the Defendant pay the Plaintiff prejudgment interest;

f) that the Defendant be ordered to pay the Plaintiff punitive damages;

g) that the Defendant immediately promote Plaintiff to a GS-15 position in Boston;

h) a declaratory judgment stating that HUD's practices and policies favoring women and certain minorities be declared unlawful;

i) an injunction preventing HUD from continuing to implement its ongoing practices and policies favoring applicants based on gender, race and/or ethnicity.

j) such relief as may be just and proper and/or which will make the Plaintiff whole.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON EACH ISSUE SO TRIABLE

Respectfully submitted,

The Plaintiff
By his attorneys,

Kevin G. Powers
BBO# 405020
Robert S. Mantell
BBO# 559715
Rodgers, Powers & Schwartz LLP
18 Tremont Street, Suite 500
Boston, MA  02108
(617) 742-7010, ext. 305
fax (617) 742-7225
RMantell@TheEmploymentLawyers.com

Patoski complaint

11

JS 44
Rev. 07/89

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Richard S. Patoski

**DEFENDANTS**
Alphonso Jackson, Secretary, Department of Housing and Urban Development

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kevin G. Powers, Rodgers, Powers & Schwartz LLP, 18 Tremont St., Suite 500, Boston, MA 02108  617 742-7010

ATTORNEYS (IF KNOWN)
05 - 11086 RCL

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Title VII, ADEA, Fifth Amendment of the United States Constitution. This case addresses the repeated non-selection of the plaintiff for various positions at HUD, and HUD's ongoing, discriminatory employment practices.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / Habeas Corpus | | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Other | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  5/23/05    SIGNATURE OF ATTORNEY OF RECORD

COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Patoski v. Jackson, Secretary, Department of Housing and Urban Development

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LIST ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1))

   ___ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT

   X   II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
            740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E))
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?  No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  No
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)
   ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?  No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY)? (SEE LOCAL RULE 40.1(C)) YES ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D))
   YES ___

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES ___
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? ___

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Essex

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION  No  OR WESTERN SECTION  No

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Kevin G. Powers
ADDRESS  Rodgers, Powers + Schwartz LLP, 18 Tremont St., Suite 500
TELEPHONE NO.  Boston, MA 02108   617 742-7010

(COVER_SHT-08/90)                                                    APPENDIX C