UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD S. PATOSKI,<br><br>    Plaintiff,<br><br>v.<br><br>ALPHONSO JACKSON, SECRETARY,<br>DEPARTMENT OF HOUSING AND<br>URBAN DEVELOPMENT,<br><br>    Defendant. | C.A. No. 05-CV-11086 |

**PLAINTIFF'S UNOPPOSED MOTION TO EXPAND
PROTECTIVE ORDER TO PERMIT PLAINTIFF'S CURRENT
<u>ATTORNEYS TO REVIEW DOCUMENTS</u>**

Plaintiff Richard S. Patoski hereby submits his unopposed motion to expand a protective order to permit his current attorneys to review "confidential" documents produced by Defendant. In support for this motion, Plaintiff states:

1. Prior to the instant litigation in Federal Court, this matter was litigated, and discovery was taken, before the Equal Employment Opportunity Commission ("EEOC"), EEOC Hearing No. 160-A08342X.

2. As part of the proceedings before the EEOC, a protective order was entered to protect the confidentiality of private information contained in some of the documents produced in discovery. Examples of such confidential information include certain personnel records and social security numbers.

3. The protective order issued by the EEOC is attached. Paragraph 3 of that order limits dissemination of confidential information to "attorneys of record for the parties in

this EEOC proceeding, to experts or consultants hired by parties for this proceeding, and to the Complainant himself and to appropriate officials of the Agency as decided by agency counsel."

4.     Plaintiff's current attorneys are different than the one that represented the Plaintiff at the EEOC.  Therefore, according to the strict letter of the order, Plaintiff's current attorneys may not review the produced documents in this case.  That state of affairs makes no sense, as Plaintiff himself is, and always has been, entitled to view the documents.

5.     Therefore, Plaintiff seeks to modify the order to add the following provision:

> Confidential information may be given, shown, made available, or communicated to attorneys of record for the parties in C.A. No. 05-CV-11086, to experts or consultants hired by the parties for this proceeding, and to the Complainant himself.

6.     While Plaintiff considers the confidentiality order issued by the EEOC overbroad, there are provisions within that order that permit Plaintiff to later challenge certain aspects of the breadth of the order.  However, as an initial step, Plaintiff's attorneys must be given a chance to view the produced documents in this case.

WHEREFORE, Plaintiff Richard S. Patoski requests that this Court grant his unopposed motion, and modify the EEOC's protective order to permit Plaintiff's current attorneys to view all personnel records and other documents that have been, or will be produced by Defendant.

          The Plaintiff
          By his attorneys,


          _____s/ Robert S. Mantell_____
          Kevin G. Powers
          BBO# 405020
          Robert S. Mantell
          BBO# 559715
          Rodgers, Powers & Schwartz LLP
          18 Tremont Street, Suite 500
          Boston, MA  02108
          (617) 742-7010, ext. 305
          fax (617) 742-7225


<u>LR 7.1 Certification</u>

    I, Robert S. Mantell, certify that on January 17, 2006, I conferred telephonically with Mark Grady, Esq., attorney for defendant, in an attempt to resolve or narrow the issues contained in the instant motion. The conference was successful, and Mr. Grady agreed that defendant would not oppose the instant motion.


          _____s/ Robert S. Mantell_____

Patoski motion confidentiality

3

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
BOSTON AREA OFFICE

| | |
|---|---|
| RICHARD PATOSKI,<br>Complainant<br><br>v.<br><br>MEL MARTINEZ, SECRETARY,<br>U.S. DEPARTMENT OF HOUSING<br>AND URBAN DEVELOPMENT,<br>Agency | EEOC Hearing No.: 160-A08342X<br>Agency Case Nos.: BN-98-02<br>BN-01-01 |

Granted 6/12/02

**PROTECTIVE ORDER REGARDING
CONFIDENTIAL RECORDS**

Upon consideration of the Agency's Motion for a Protective Order to Prevent Disclosure of Confidential Records,

It is hereby ORDERED that:

1. All employment applications, resumes, SF 171s and other related materials, including personnel records or files, performance ratings, and rating and ranking scores of any individual not a named party to this action shall be considered "confidential information."

2. All said confidential information shall be used only for the purposes of this proceeding and not for any other purpose whatsoever, and such confidential information shall not be disclosed to anyone except as expressly provided in the paragraphs below.

3. Confidential information may be given, shown, made available, or communicated only to attorneys of record for the parties in this EEOC proceeding, to experts or consultants hired by the parties for this proceeding, and to the Complainant himself and to appropriate officials of the Agency as decided by Agency counsel.

4. When documents that are the subject of this confidentiality agreement are the subject of inquiry at depositions, the portion of the transcript which sets forth or contains information about such documents shall be sealed and shall not be filed unless required during a hearing or by order of the Administrative Judge.

5. No person except the attorneys of record, the parties, the witnesses giving testimony at the time, experts and consultants employed by the parties specifically for this proceeding and the court reporter shall be permitted to be in attendance at the taking of a deposition.

6. Pleadings and other papers filed by the attorneys shall avoid the disclosure of any confidential information concerning specific individuals whose identities are readily ascertainable from or are revealed by confidential information, with the exception of information pertaining solely to the Complainant and the successful applicants. In the event that any counsel desires to file confidential information concerning a specific individual identified, other than the Complainant or successful applicants, said information shall be subject to disclosure only upon order of the Administrative Judge.

7. Upon the final disposition of this action, Complainant and Complainant's attorney shall promptly return all confidential materials and all copies thereof to Agency counsel.

8. The parties are free to seek modifications of this Confidentiality Agreement with respect to any specific materials by agreement among themselves or by order of the Administrative Judge.

6/15/02
Date

Kathleen Mearn Clarke
Administrative Judge

## CERTIFICATE OF SERVICE

For timeliness purposes, it will be presumed that this Order was received within five (5) calendar days after it was mailed. I certify that on June 12, 2002 this Order was mailed to the following parties:

Richard Patoski
28 Brookhouse Road
Marblehead, MA 01945


Joleen Payer Olsen, Esquire     via fax and mail
156A Front Street, Unit 3
P. O. Box 964
Marion, MA 02738-0964


Abraham J. Brandwein, Esquire
U. S. Department of Housing and Urban Development            Via fax and mail
10 Causeway Street
Boston, MA 02222


Thomas W. Rodick, Esquire
U. S. Department of Housing and Urban Development            Via fax and mail
10 Causeway Street
Boston, MA 02222


_____
Kathleen Mearn Clarke
Administrative Judge