**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| RICHARD PATOSKI,  ) | |
| ) | Civil Action No. 05-11086-RCL |
| Plaintiff,   ) | |
| ) | |
| v.   ) | |
| ) | |
| ALPHONSO JACKSON, Secretary,   ) | |
| Department of Housing and Urban   ) | |
| Development,   ) | |
| ) | |
| Defendant.   ) | |
| ) | |

## ASSENTED TO MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and 5 U.S.C. § 552a(b)(11), the Defendant, Alphonso

Jackson, Secretary of the Department of Housing and Urban Development, respectfully requests that

this Court enter a protective order in the above-captioned matter to prevent the unnecessary

disclosure of individually identifiable information that is protected from disclosure by the Privacy

Act, 5 U.S.C. § 552a *et seq.*.  Counsel for the plaintiff has assented to the form of the proposed

Protective Order that is attached.

The relevant portion of the Privacy Act provides:

> No agency shall disclose any record which is contained in a system of records by any
> means of communication to any person, or to another agency, except pursuant to a
> written request by, or with the prior written consent of, the individual to whom the
> record pertains, unless disclosure of the record would be--
>      (11) pursuant to the order of a court of competent jurisdiction . . .

5 U.S.C. § 552a.

The Plaintiff has made request for production of documents from a federal agency that are

individually identifiable and retrievable from a system of records and are thus subject to the Privacy

Act.  See 5 U.S.C. § 552a, *et seq*.  In order to make disclosure in accord with its obligations under

the Federal Rules of Civil procedure, the Defendant requests that the Court endorse the attached

Protective Order.

It is appropriate to restrict the unnecessary dissemination of such information, limit access

to such information to those individuals necessary for preparation of plaintiff's case, and to require

that the information be returned or destroyed when it is no longer needed.

WHEREFORE, the Defendant requests that this Court endorse the attached Protective Order.

>Respectfully submitted,
>MICHAEL J. SULLIVAN,
>United States Attorney

>By:   /s/ Mark J. Grady
>Mark J. Grady, Assistant U.S. Attorney
>1 Courthouse Way, Suite 9200
>Boston, MA  02210
>617-748-3136

Certificate of Compliance

I hereby certify that I have conferred with the Plaintiff's attorney who has assented to the
relief sought by way of this motion.

>/s/ Mark J. Grady
>Mark J. Grady
>Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| RICHARD PATOSKI, | ) | |
| | ) | |
| | ) | Civil Action No. 05-11086-RCL |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALPHONSO JACKSON, Secretary, | ) | |
| Department of Housing and Urban | ) | |
| Development, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROTECTIVE ORDER**

Upon consideration of the parties' motion for a protective order in connection with the

production of individually identifiable information to the plaintiff, it is hereby:

**ORDERED** that "individually identifiable information" as used herein means information

regarding an individual that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a *et seq.*;

as designated by defendant to this action, the United States; and it is further

**ORDERED** that individually identifiable information may be disclosed to plaintiff and to

plaintiff's attorneys, staff; consultants, investigators, and experts, and such information shall be used

only for purposes of this litigation including as necessary during discovery and preparation for trial;

and it is further

**ORDERED** that individually identifiable information shall be reviewed and used by persons

identified in the preceding paragraph  solely for the purpose of this litigation and shall not be given,

shown, made available, discussed, or otherwise communicated in any form to any other individual

or establishment; and it is further

**ORDERED** that records or documents that contain individually identifiable information shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. For any government records, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking. Discovery responses, if any, that contain individually identifiable information shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation; and it is further

**ORDERED** that, if counsel for plaintiff wishes to disclose individually identifiable information to persons other than those referred above, he or she shall notify counsel of record for defendant in advance, identifying the (1) protected information to be disclosed, (2) identity of the person to whom the information would be disclosed, and (3) purpose of such disclosure. Counsel so notified shall advise counsel of record for plaintiff of any objection to disclosure within five business days of receiving notice of the request to disclose the information. If the parties are unable to resolve any objection informally, the plaintiff may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the designated information shall be treated as protected information and shall not be released to the individual in question; and it is further

**ORDERED** that individually identifiable information shall not be entered into the public record, either in pleadings or in open Court, unless the individually identifiable information is

redacted, submitted under seal, or blind coded to protect that information from unnecessary public disclosure, unless the Court otherwise allows for good cause shown; and it is further

**ORDERED** that counsel for the parties shall endeavor to avoid the use of individually identifiable information in any oral proceedings before this Court, including oral argument. If any counsel finds it necessary to refer to individually identifiable information in any such oral proceeding, counsel shall notify the Court and other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of protected information to persons other than those authorized by this Order.

**ORDERED** that at the conclusion of this litigation, including all appeals, all individually identifiable information shall be returned to the United States Attorney's Office, or destroyed at the direction of the United States Attorney's Office, except that the United States Attorneys Office agrees that it shall retain a copy of the materials subject to this order for seven years upon closure of this matter and will produce copies to the Plaintiff and/or Plaintiff's present Counsel should such materials be requested by any insurer during that period; and it is further

**ORDERED** that as to all persons who are provided access to individually identifiable information in connection with the preparation and defense of this matter, counsel of record shall advise each of these persons of the privacy and confidentiality of such information and their obligation not to disclose the information, and require such person to sign a copy of this Order to affirm their understanding of their obligation not to disclose the information before such information is disclosed; and it is further

**ORDERED** that this Protective Order does not limit the right of either party to assert any privileges, objections, or protections otherwise afforded to it by law or equity.

**ORDERED** that counsel of record shall maintain copies of this Order which have been signed by all persons who have been provided access to individually identifiable information until the conclusion of this litigation, including all appeals.

_____
REGINALD C. LINDSAY
United States District Judge

Dated: July  ___, 2006