UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD S. PATOSKI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALPHONSO JACKSON, SECRETARY, )<br>DEPARTMENT OF HOUSING AND )<br>URBAN DEVELOPMENT, )<br>)<br>Defendant. )<br>) | C.A. No. 05-11086 RCL |

**DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO ASSERT THE DELIBERATIVE PROCESS PRIVILEGE AND PRESIDENTIAL COMMUNICATIONS PRIVILEGE WITH RESPECT TO THE DEPARTMENT OF JUSTICE MEMORANDA PREPARED FOR THE EXECUTIVE OFFICE OF THE PRESIDENT**

Defendant, Alphonso Jackson, Secretary of the Department of Housing and Urban Development ("HUD"), hereby moves this Honorable Court for an extension of time in which to assert the deliberative process and presidential communications privilege with respect to an October 2002 legal opinion of the Department of Justice ("DOJ") regarding HUD's Affirmative Employment Plan ("AEP") that was provided to the Domestic Policy Council in the Executive Office of the President. In particular, defendant requests that this Court grant him an extension of time in which to determine whether to assert these privileges until after this Court has ruled on defendant's claim of attorney-client privilege for the very same document. In further support thereof, defendant says as follows:

1. The Supreme Court has recognized a "presumptive privilege for Presidential communications" founded on the "President's generalized interest in confidentiality." United States v. Nixon, 418 U.S. 683, 708, 711 (1974). As the D.C. Circuit has explained, the Supreme Court in Nixon "found such privilege necessary to guarantee the candor of presidential advisers and to provide '[a] President and those who assist him ... [with] free[dom] to explore alternatives in the process of shaping policies and making decisions and to do so in a way many would be

unwilling to express except privately." In re Sealed Case, 121 F.3d 729, 743 (D.C. Cir. 1997) (quoting Nixon, 418 U.S. at 708). The privilege "applies to documents in their entirety, and covers final and post-decisional materials as well as pre-deliberative ones." Id. at 745.

    2. Defendant has formally invoked the deliberative process privilege with respect to the October 2002 DOJ legal opinion, and may also assert the affiliated presidential communications privilege as well with regard to that document.[1] The decision whether to assert these privileges, and how they are to be supported, will require deliberations at the highest levels of the Executive Branch. Indeed, the courts have indicated that it remains an open question whether the presidential communications privilege must be personally invoked by the President. See, e.g., Judicial Watch, Inc. v. Department of Justice, 365 F.3d 1108, 1114 (D.C. Cir. 2004) ("[T]he issue of whether a President must personally invoke the [presidential communications] privilege remans an open question, and the court need not decide it now.") (citing In re Sealed Case, 121 F.3d at 744-45 n.16).

    3. Defendant has also invoked the attorney-client privilege with respect to the October 2002 DOJ legal opinion, and resolution of that question may moot the need for deliberations within the Executive Branch regarding whether to assert and support the deliberative process and presidential communications privilege. Consequently, defendant respectfully requests that this Court grant him an extension of time in which to assert these privileges until after this Court has ruled on defendant's claim of attorney-client privilege for the very same document. This request is consistent with the Supreme Court's admonition that: "The high respect that is owed to the office of the Chief Executive, though not justifying a rule of categorical immunity, is a matter

---

[1] "While the presidential communications privilege and the deliberative process privilege are closely affiliated, the two privileges are distinct and have different scopes. Both are executive privileges designed to protect executive branch decisionmaking, but one applies to decisionmaking of executive officials generally, the other specifically to decisionmaking of the President. The presidential privilege is rooted in constitutional separation of powers principles and the President's unique constitutional role; the deliberative process privilege is primarily a common law privilege." In Re Sealed Case, 121 F.3d at 745.

that should inform the conduct of the entire proceeding, including the timing and scope of discovery." Clinton v. Jones, 520 U.S. 681, 707 (1997).

WHEREFORE, with good cause having been shown, defendant requests that this Court grant him an extension of time in which to determine whether to assert the deliberative process and presidential communications privilege with respect to the October 2002 DOJ legal opinion until after this Court has ruled on defendant's claim of attorney-client privilege

>Respectfully submitted,
>MICHAEL J. SULLIVAN
>United States Attorney
>
>/s/ Mark J. Grady
>MARK J. GRADY
>Assistant U.S. Attorney
>U.S. Attorney's Office
>John Joseph Moakley U.S. Courthouse
>1 Courthouse Way, Suite 9200
>Boston, MA  02210
>Tel. No. (617) 748-3136

Certificate of Compliance

I hereby certify that I spoke with Plaintiff'' counsel with respect to the filing of this motion.  No agreement could be reached.

>/s/ Mark J. Grady
>MARK J. GRADY
>Assistant U.S. Attorney

Certificate of Service

Review of the docket reflects that this response will be served electronically.

>/s/ Mark J. Grady
>MARK J. GRADY