UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD S. PATOSKI, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 05-11086-RCL |
| ) | |
| v. ) | |
| ) | |
| ALPHONSO JACKSON, SECRETARY ) | |
| DEPARTMENT OF HOUSING AND ) | |
| URBAN DEVELOPMENT ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S OPPOSITION TO THE SECOND MOTION TO AMEND THE COMPLAINT

The Plaintiff has moved to amend claims with respect to a 1998 non-selection claim under Title VII to add entirely new claims of racial discrimination that were never presented to the Equal Employment Opportunity Commission. See proposed Second Amended Complaint, Counts III-V. The Plaintiff never alleged in the administrative proceedings that the denial of that position was motivated by racial discrimination, and thus, he has failed to exhaust administrative remedies. For that reason, the instant motion should be denied because amendment would be futile. Furthermore, because the Plaintiff has been on notice of possible race based claims for over seven years, and has chosen to forego such claims (until now), the Plaintiff has unduly delayed the filing of those claims and a motion to amend should be denied on that basis.

I. **Motions to Amend**

Rule 15(a) states that "leave [to amend] shall be freely given when justice so requires." To deny such a motion, the record must demonstrate some basis for the court's decision such as futility, bad faith, undue delay, or a dilatory motive on the movant's part. See, e.g., Hatch v. Department for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001); Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir.1995); Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir.1990).[1]

II. **Amendment Would Be Futile As The Plaintiff Did Not Exhaust Administrative Remedies As To Claims Of Racial Discrimination**

Title VII is the exclusive remedy for claims of discrimination in federal employment. Brown v. Gen. Services Admin., 425 U.S. 820, 834 (1976). Under Title VII, a litigant must exhaust available administrative proceedings in a timely fashion. See, e.g., Cano v. United States Postal Service., 755 F.2d 221, 223 (1st Cir.1985) (affirming district court's entry of summary judgment failure to make timely exhaustion); Johnson v. Orr, 747 F.2d 1352, 1356 (10th Cir.1984); Kizas v. Webster, 707 F.2d 524, 543-46 (D.C.Cir.1983). "[I]n a Title VII case, a plaintiff's unexcused failure to exhaust administrative remedies effectively bars the courthouse door." Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005).

"The scope of the civil complaint is . . . limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge." Powers v. Grinnell Corp., 915 F.2d 34, 38 (1st Cir. 1990). Stated another way, "[j]udicial recourse under Title VII . . . is not a remedy of first resort." Morales- Vallellanes v. Potter, 339 F.3d 9, 18 (1st

---

[1]Indeed, in keeping with the general rule, the Defendant did not oppose the Plaintiff's First Motion to Amend the Complaint.

Cir. 2003). The Plaintiff never filed an administrative claim alleging that racial discrimination formed the basis of the decision to deny him the Community Builder Position in 1998 as claimed in the Proposed Second Amended Complaint.

To escape the straightforward application of the exhaustion rule, Plaintiff contends that he is entitled to pursue race discrimination claim, despite never having brought such in the administrative proceedings, because it is a claim that can be reasonably expected to grow out of the administrative investigation. See Plaintiff's Memorandum, ¶ 9. The Plaintiff further contends in this regard that "we do not know for sure the scope of the claims that Plaintiff originally brought to the EEO counselor" because the EEO counselor's report does not contain a copy of the Plaintiff's original Complaint. Plaintiff's Memorandum, ¶ 7.[2]

Any issue with respect to the content of the allegations is a red herring. The relevant inquiry, at least with respect to exhaustion of claims of racial discrimination, is what the administrative complaint did not contain, a fact readily apparent from the pleadings in this matter.[3] Contrary to the Plaintiff's assertion, this Court can be quite certain of the "scope" of the administrative claims, at least to the extent that the content is relevant to the instant motion to amend. See, e.g., Complaint, ¶ 12 ("On or about July 1, 1998, Plaintiff filed an EEO Complaint alleging *discrimination based on age and gender. . .*"); First Amended Complaint, ¶ 12

---

[2] Oddly, to say the least, the Plaintiff says nothing about whether he, himself, has a copy, such that this court could be "certain" of the allegations, nor is any mention made of whether a copy was made part of the administrative proceedings.

[3] The First Circuit has made clear that where a party seeks to challenge an amendment on the grounds of futility before the close of discovery, the standard of review is that of Fed. R. Civ. P. 12(b)(6). Hatch v. Department for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001). Consequently, the instant Motion relies solely upon the Plaintiff's own allegations and assumes the truth thereof.

(identical). Indeed, Plaintiff does not even seek to alter that allegation in the proposed Second Amended Complaint. See proposed Second Amended Complaint, ¶ 12 ("On or about July 1, 1998, Plaintiff filed an EEO Complaint alleging *discrimination based on age and gender. . .*"). Even if it were true that this Court did not know the exact nature of the *"age and gender"* claims in the initial EEO complaint, this Court certainly knows that the administrative complaint did not include claims of racial discrimination.

As previously noted, Plaintiff argues that he should be excused from the exhaustion requirement because claims of racial discrimination should have been part of the "scope of the investigation" and the Plaintiff should be excused from the exhaustion requirement. See Plaintiff's Memorandum, ¶ 9. It is far from clear, however, that the "scope of the investigation" is even the proper standard. While the First Circuit has adopted a general rule allowing retaliation claims where the claim arises from the conduct identified in the administrative complaint, *i.e.*, is within the scope of the investigation:

> In adopting this rule, *we take no position on the proper rule for non-retaliation claims. As already noted, the courts are far more divided, and the law more confused, on how to handle situations in which a plaintiff advances in court claims based on additional acts of discrimination or alternative theories that were never presented to the agency.* The circumstances vary widely; and perhaps no simply stated rule neatly resolves all problems. In all events, we are satisfied that claims of retaliation are homogeneous enough and sufficiently distinct from other problems to justify a general rule.

Clockedile v. New Hampshire Dept. of Corrections, 245 F.3d 1, 6 (2001) (emphasis added).

Whatever the test applied, the purposes of administrative exhaustion "would be frustrated if the employee were permitted to allege one thing in the administrative charge and later allege something entirely different in a subsequent civil action." Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996). Plaintiff's claim of race discrimination in the proposed Second

Amended Complaint asserts a wholly new theory of discrimination (based upon race) which cannot be said to be reasonably related to the allegations (age and gender discrimination) contained in the EEOC charge.   For this reason, this Court has consistently rejected attempts to expand civil actions to include wholly new theories of discrimination that were never presented administratively.  For example, in Kenney v. MML Investors Servs., Inc., 266 F.Supp.2d 239 (D. Mass. 2003), this Court refused to allow the Plaintiff to add claims of gender discrimination where the plaintiff's administrative charge alleged race discrimination and constructive discharge.  Similarly, in Luciano v. Coca Cola Entrprises, Inc., 2004 WL 1922137, *1 (D.Mass. 2004), this Court refused to allow the Plaintiff to proceed with hostile work environment claims when such claims were not mentioned in administrative filings.[4]   Finally, in Sekamate v. Newton Wellesley Hosp, 2002 WL 31194873 (D.Mass. 2002), this Court refused to allow the Plaintiff to expand the civil complaint to include a new theory of disability discrimination even where the new theory was based upon facts alleged in the administrative claim.  See Sekamate, 2002 WL 31194873, at 5 ("Sekamate's allegation of disability discrimination, while premised on some of the same adverse employment actions as the race and national origin discrimination charge, is not so close as to come within the scope of investigation of either the MCAD or EEOC charge.").

---

[4] See also, Antol v. Perry, 82 F.3d 1291, 1295-96 (3d Cir.1996) (sex discrimination not within scope of disability discrimination claim even where same failure to promote was basis for claim); Castro v. United States, 775 F.2d 399, 403 n.2 (1st Cir, 1985) (declining to allow Plaintiff who alleged age discrimination to add claims of national origin discrimination), abrogated on other grounds, Stevens v. Department of Treasury, 500 U.S. 1 (1991); Shah v. Mount Zion Hosp. & Medical Ctr., 642 F.2d 268, 271-72 (9th Cir.1981) (administrative charge alleging sex and national origin discrimination does not permit plaintiff to assert claims in federal court for race, color and religious discrimination because such claims are not reasonably related).

Because the Plaintiff's claims of race discrimination with respect to the 1998 Community Builder Position were never presented administratively as required by Title VII, the motion to amend should be denied as futile. "A Title VII suit may extend as far as, but not beyond, the parameters of the underlying administrative charge." Jorge v. Rumsfeld, 404 F.3d 556, 565 (1st Cir. 2005).[5]

## II.    The Plaintiff Has Unduly Delayed Bringing The Claim At Issue

At the core of the justification for the Plaintiff's motion for leave to amend the Complaint (a second time) is the contention that the Plaintiff only recently learned, via deposition of Mary Lou Crane in May of 2006 (six months ago), that race may have been a factor in the decision not to hire him for the Community Builder Position. Such claims ring hollow. The Plaintiff has alleged in both prior Complaints that Ms. Crane acknowledged by affidavit *in the administrative proceedings* that she used "workforce diversity" as a selection criteria. See Complaint, ¶ 10; First Amended Complaint, ¶ 10, proposed Second Amended Complaint, ¶ 10. Whatever the merits of the Plaintiff's allegation in this regard (and Defendant vigorously contends there is none), the Plaintiff has, throughout the administrative proceedings and litigation before this Court, consistently equated "diversity" with discrimination against white males on the basis of *both* gender and race.

---

[5]It should also be noted that plaintiff was represented by counsel throughout the administrative proceedings and is not entitled to any liberal construction of the administrative claim. Contrast, Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir.1996)("where, as here, the employee acts pro se, the administrative charge is liberally construed in order to afford the complainant the benefit of any reasonable doubt.").

As of the filing of that affidavit, in February 1999,[6] in the administrative proceedings, the Plaintiff (represented by counsel) was unquestionably on notice of the possibility of pursuing claims of racial discrimination.  For over seven years, the Plaintiff has elected not to pursue such a claim, administratively and/or in either the initial Complaint or First Amended Complaint filed in this matter.  Plaintiff's claim that he has only recently become aware of issues of race discrimination are simply unsupported by fact and belied by Plaintiff's own filings.  See, e.g., Complaint, filed May 24, 2005 (over a year before the Crane Deposition),  ¶¶ 14-15 (alleging that at the time of the denial of the 1998 Community Builder Position, HUD discriminated against white males on the basis of *race and gender* to effectuate "diversity").  Despite the foregoing, Plaintiff has never included a claim of racial discrimination as to the 1998 Community Builder position administratively or in prior Complaints in this Court.  "What the plaintiff knew or should have known and what [s]he did or should have done are relevant to the question of whether justice requires leave to amend under [the] discretionary [Rule 15(a) ] provision." Leonard v. Parry, 219 F.3d 25, 30 (1st Cir. 2000).

The Plaintiff has simply now conceived of yet another theory by which to expand his Complaint and this litigation (despite the fact that all of the individuals who accepted the position at issue were white, like the Plaintiff). See Plaintiff's Memorandum, ¶ 5-6.  Statutes of limitations and the timing provisions of the administrative filing requirements are triggered by knowledge that would put a reasonable individual on notice of the claim, they are not tolled or

---

[6] Admittedly, the exact date of filing would have to be established by affidavit or exhibit. If the Plaintiff should dispute the date of the affidavit or contest the issue under Rule 12(b)(6), this Court can nonetheless find from the face of the Complaint(s), see Complaint, First Amended Complaint, and proposed Second Amended Complaint, ¶ 10, that the Plaintiff was well aware of the affidavit and its content during the administrative proceedings.

excused because prior counsel didn't think of a novel or potentially viable theory. The plaintiff has knowingly foregone (until now) claims of race based discrimination as to the denial of the 1998 position for over seven years. To allow the Plaintiff to reverse course and now assert such a claim, represents a claim unduly delayed, would be contrary to the interests of justice, would frustrate the purpose of the administrative process and would unduly prejudice HUD.

## Conclusion

For the foregoing reasons, a motion to further amend the Plaintiff's Complaint should be denied.

>Respectfully submitted,
>MICHAEL J. SULLIVAN,
>United States Attorney
>
>By:   /s/ Mark J. Grady
>Mark J. Grady, Assistant U.S. Attorney
>1 Courthouse Way, Suite 9200
>Boston, MA  02210
>617-748-3136

## Certificate of Service

Review of the docket reflects that the Opposition will be served electronically.

>/s/ Mark J. Grady
>Mark J. Grady
>Assistant U.S. Attorney