UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD S. PATOSKI, )
 )
    Plaintiff, )
 )
v. ) C.A. No. 05-11086 RCL
 )
ALPHONSO JACKSON, SECRETARY, )
DEPARTMENT OF HOUSING AND )
URBAN DEVELOPMENT, )
 )
    Defendant. )

## PLAINTIFF'S AMENDED SECOND MOTION TO COMPEL

## HEARING REQUESTED

Plaintiff hereby submits his amended motion to compel responses to his "First Set of Interrogatories and Second Request for Production of Documents." This amended version is filed pursuant to the Magistrates order at the February 21, 2007 hearing, and in light of a subsequent conference between Counsel for the parties. Based on the parties' discussions, and supplemental productions, the parties have narrowed the issues for the Court's consideration.

This is an employment discrimination case alleging gender, race and age discrimination in employment, with respect to non-selections for a Community Builder position and a Public Housing Resource Specialist (PHRS) position at HUD. Furthermore, Plaintiff alleges past and continuing patterns and practices at HUD which have the intent or effect of discriminating against White males.

### INTERROGATORY 3

Plaintiff sought to develop statistical evidence concerning his non-selection for the a

Community Builder position. There were over 300 people selected for the position, and Plaintiff sought a statistical breakdown of those offered positions as Community Builders. Plaintiff alleges that he was denied a CB position on account of gender and age. While Plaintiff's interrogatory is much broader, he seeks only information relating to the gender of the applicants.

Defendant provides some information concerning those who were offered the position in the Boston office; however, that is insufficient. There were hundreds of these positions filled, and information relating to all the offerees may well demonstrate overwhelming, statistically significant evidence of HUD-wide discriminatory practices.

Interrogatory 3:   Identify the . . . gender composition of those who were offered positions in response to applications for vacancy announcement OS-MST-98-0002A, including an identification of:

   a.   the total number of offerees;

   . . . .

   e.   the number of offerees who were female;

   . . . . .

Answer No. 3

Objection. The defendant objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding nor waiving the foregoing, for the Boston position for which this Plaintiff applied, there were 4 selectees of whom two were male and two were female. Edward Bernard, male over 40, and Cheryl Ann Teninga, female over 40, were offered the position at the GS-15 level. Deborah Griswold, female over 40, was offered the position at the GS-14 level. Linda Pellegrino, female under 40, and James Polito, male over forty, were offered the position at the GS-13 level.

### INTERROGATORIES 4-7

At the same time that the Community Builder positions were being filled at HUD, HUD was also filling numerous, related positions for Community Builder Fellow, Community Builder Fellow Specialist, Senior Career Community Builder and Associate Community Builder.

2

Plaintiff sought statistical evidence of the applicants for those positions, and the racial, gender and age composition of those offered positions. Plaintiff simply is seeking evidence of whether discriminatory motive may be inferred from the staffing of these related positions that were filled around the same time as the disputed Community Builder positions. Complete responses should be ordered.

Interrogatory 4:    Identify the age, race and gender composition of those who applied for a Community Builder Fellow, and/or Community Builder Fellow Specialist position, from January 1, 1997 though December 31, 2000, including an identification of:

a.  the total number of applicants;
b.  the number of applicants who were aged 40 and over;
c.  the number of applicants who were less than 40 years old;
d.  the number of applicants who were male;
e.  the number of applicants who were female;
f.  the number of applicants who were White;
h.  the number of applicants who were White males;
g.  the number of applicants who were White males who were aged 40 and over.

Answer No. 4

Objection. The defendant objects to this request on the ground that it is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible

Interrogatory 5:    Identify the age, race and gender composition of those who were offered a Community Builder Fellow and/or Community Builder Fellow Specialist position, from January 1, 1997 through December 31, 2000, including an identification of:

a.  the total number of offerees;
b.  the number of offerees who were aged 40 and over;
c.  the number of offerees who were less than 40 years old;
d.  the number of offerees who were male;
e.  the number of offerees who were female;
f.  the number of offerees who were White;
h.  the number of offerees who were White males;
g.  the number of offerees who were White males who were aged 40 and over.

Answer No. 5

Objection. The defendant objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

3

Interrogatory 6:     Identify the age, race and gender composition of those who applied for a Senior Career Community Builder, Community Builder and/or Associate Community Builder position, from January 1, 1997 though December 31, 2000, including an identification of:

   a.   the total number of applicants;
   b.   the number of applicants who were aged 40 and over;
   c.   the number of applicants who were less than 40 years old;
   d.   the number of applicants who were male;
   e.   the number of applicants who were female;
   f.   the number of applicants who were White;
   h.   the number of applicants who were White males;
   g.   the number of applicants who were White males who were aged 40 and over.

Answer No 6

Objection. The defendant objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding nor waiving the foregoing, please see Answers Nos. 2 and 3 regarding the Boston Community Builder Position for which this Plaintiff applied.

Interrogatory 7:     Identify the age, race and gender composition of those who were offered a Senior Career Community Builder, Community Builder and/or Associate Community Builder position, from January 1, 1997 through December 31, 2000, including an identification of:

   a.   the total number of offerees;
   b.   the number of offerees who were aged 40 and over;
   c.   the number of offerees who were less than 40 years old;
   d.   the number of offerees who were male;
   e.   the number of offerees who were female;
   f.   the number of offerees who were White;
   h.   the number of offerees who were White males;
   g.   the number of offerees who were White males who were aged 40 and over.

Answer No. 7

Objection. The defendant objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding nor waiving the foregoing, please see Answers Nos. 2 and 3 regarding the Boston Community Builder Position for which this Plaintiff applied.

## INTERROGATORIES 8, 9

One of the vacancy announcements for the PHRS position, No. 06-MSR-2000-

4

0099AZ, sought only internal candidates. The other vacancy announcement for the PHRS position sought both internal and external candidates. It is Plaintiff's understanding that not a single applicant for the internal vacancy announcement was deemed qualified for the PHRS position by HUD. This subterfuge permitted HUD to rely heavily on the vacancy announcement which permitted external candidates to apply, which fit HUD's scheme to fill the position with women and minorities. Interrogatory 8 asks about the race and gender of all those who applied to the "internal" posting, and Interrogatory 9 asks about all those applicants who were deemed qualified for the position. Plaintiff's Complaint alleges that he was denied the PHRS position due to his race and gender.

The request for race and gender composition of the internal applicants is not onerous, since the applicants were, by definition, already employees of HUD, and thus, information concerning race and gender are in HUD's possession.

Interrogatory 8:   Identify the age, race and gender composition of the applicants for vacancy announcement 06-MSR-2000-0099AZ. including an identification of:

a. the total number of applicants;
b. the number of applicants who were aged 40 and over;
c. the number of applicants who were less than 40 years old;
d. the number of applicants who were male;
e. the number of applicants who were female;
f. the number of applicants who were White;
g. the number of applicants who were White males;
h. the number of applicants who were White males who were aged 40 and over.

Answer No. 8

The Defendant has previously provided the list of applicants in the administrative proceedings. Please see BN 01-01, Exhibit F 9b. The Defendant is attempting to locate age, gender and race information for those applications.

Interrogatory 9:   Identify each individual who applied to vacancy announcement 06-MSR-2000-0099AZ who was deemed by HUD to meet the basic qualifications for the position.

Answer No. 9

5

Objection. The defendant objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding nor waiving the foregoing, no one was hired from vacancy announcement 06-MSR-2000- 0099AZ for the Boston position for which this Plaintiff applied. The Boston position for which this Plaintiff applied was filled through vacancy announcement 06-DEU-2000-0081A, a vacancy announcement under which the Plaintiff was found eligible.

### INTERROGATORIES 11 AND 12

This set of interrogatories simply seeks statistical information regarding the race and gender composition of those who applied through the internal and external vacancy announcement for the PHRS position, as compared to those who were offered positions. Such information will be useful to determine whether there is evidence of departmentwide bias in filling the relevant PHRS positions. HUD's provision of information concerning the Boston position is unsufficient, because it fails to reveal relevant information of HUD-wide bias.

Interrogatory 11:    Identify the age, race and gender composition of the applicants for vacancy announcement 06-DEU-2000-0081A, including an identification of:

   a. the total number of applicants;
   b. the number of applicants who were aged 40 and over;
   c. the number of applicants who were less than 40 years old;
   d. the number of applicants who were male;
   e. the number of applicants who were female;
   f. the number of applicants who were White;
   g. the number of applicants who were White males;
   h. the number of applicants who were White males who were aged 40 and over.

Answer No. 11

Objection. The defendant objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding nor waiving the foregoing, Defendant has no record of the complete list of applicants for this position under this vacancy announcement. For the Boston Position for which this Plaintiff applied, there were six individuals, including the Plaintiff, deemed eligible at the GS-14 level: Richard Patoski, Kevin Gallagher (defendant will supplement as to race and age), Ralph Knighton, black male (defendant will supplement as to age) Arnold Peoples (defendant will supplement as to race and age), Mary Kuhn, white female (defendant will supplement as to age), Abbey Ogunbola black male (defendant will supplement as to age); six individuals deemed eligible at the GS 15 Level: Richard Patoski, Kevin Gallagher, Ralph

6

Knighton, Arnold Peoples, James Walker (defendant will supplement as to race and age), Abbey Ogunbola and six at the GS 13 level: Kevin Gallagher, Mary Kuhn, Ralph Knighton, Abbey Ogunbula, Plaintiff and Arnold Peoples were deemed eligible. For the GS-14 level, Abbey Ogubola, Mary Kuhn and Kevin Gallagher made the best qualified list. For the GS-15 level, Abbey Ogunbola, Kevin Gallagher Ralph Knighton made the best qualified list.

Interrogatory 12: Identify the age, race and gender composition of those who were offered positions in response to applications for vacancy announcement 06-DEU-2000-0081A, including an identification of:

    a. the total number of offerees;
    b. the number of offerees who were aged 40 and over;
    c. the number of offerees who were less than 40 years old;
    d. the number of offerees who were male;
    e. the number of offerees who were female;
    f. the number of offerees who were White;
    g. the number of offerees who were White males;
    h. the number of offerees who were White males who were aged 40 and over.

Answer No 12

Objection. The defendant objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. For the Boston position to which this Plaintiff applied, Abbey Obungola, a black male, was offered the Boston position under vacancy announcement 06-DEU-2000-0081A.

### INTERROGATORY 13

Plaintiff proffered an interrogatory to determine all individuals who applied under the "internal" vacancy announcement for the PHRS position, and yet were hired under the "internal/external" vacancy announcement. Plaintiff believes that there will be evidence that certain EEO groups benefited from HUD's practice of hiring those who applied to the wrong vacancy announcement.

Interrogatory 13: For all individuals who applied for vacancy announcement, 06-MSR-2000-0099AZ, identify all such individuals who were offered positions under vacancy announcement 06-DEU-2000-0081A.

Answer No 13

Objection. The defendant objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible

7

evidence. For the Boston position to which this Plaintiff applied, Abbey Obungola, a black male, was offered the Boston position under vacancy announcement 06-DEU-2000-0081A.

## INTERROGATORY 14

Plaintiff contends that the PHRS positions were developed to provide jobs for the disproportionately female and minority Community Fellows, whose jobs were terminated by Congress. Thus, Plaintiff sought evidence of how many Community Fellows and Community Fellow Specialists were hired as PHRS's, and sought further evidence of the race and gender make-up of those hirees. The evidence will shed further light on HUD-wide hiring and promotion practices that systemically disfavor White males, involving the same PHRS job that Plaintiff was rejected for.

Interrogatory 14: For each individual who had served as a Community Builder Fellow and/or Community Builder Fellow Specialist, and who was offered a position under vacancy announcement 06-DEU-2000-0081A, identify such individual's name, race, gender, date of birth and identify whether the individual had served as a Community Builder Fellow or as a Community Builder Fellow Specialist.

### Answer No 14

Objection. The defendant objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding nor waiving the foregoing, Abbey Ogunbola who served as a Community Builder Fellow, HOPE VI Specialist, was offered the Boston position for which this Plaintiff applied. Mr. Obungola is a black male.

## INTERROGATORIES 16-17, 19

Plaintiff sought further statistical evidence to determine whether rules were bent or broken in a manner favoring certain EEO Groups. There were various deviations from proper practices and procedures when staffing the relevant positions, such as the hiring of low scorers, and violation of the "rule of three." Applicants who improperly applied to the wrong vacancy announcement were nevertheless considered for positions under another vacancy announcement. Plaintiff is seeking information on those who benefited from these improper deviations, to

8

determine whether White males received such beneficial treatment in a manner equal to that accorded to others, or whether these deviations represented a vehicle for favoring women and minorities.

Interrogatory 16: Identify the name, race, gender, dates of birth, and scores of the individuals who are referred to on page 28 of Beard Deposition Exhibit 1, as having been selected for round 2, with a score of 69 or less, and further identified whether such selectees were offered Community
BuilderFellow and/or Community Builder Fellow Specialist position(s).

Answer No. 16

Objection. The Defendant objects to this Interrogatory on the ground that it is unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence. The defendant objects to this interrogatory on the ground that it is unduly vague. Specifically, there are no individuals named on page 28 of Exhibit 1 of the Beard Deposition. The Defendant further objects to this request on the ground that it presumes a fact that the Defendant denies, namely that HUD violated any federal hiring rules and/or regulations. As such, Defendant cannot fairly respond.

Interrogatory 17: Identify the name, race, gender, dates of birth of those where were selected for Community Builder Fellows positions, in violation of the "Rule of Three," as described on pages 26-27 of Beard Deposition Exhibit 1.

Answer No. 17

Objection. The Defendant objects to this Interrogatory on the ground that it is overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence. The defendant objects to this interrogatory on the ground that it is unduly vague. Specifically, there are no individuals named on page 28 of Exhibit 1 of the Beard Deposition. The Defendant further objects to this request on the ground that it presumes a fact that the Defendant denies, namely that HUD violated any federal hiring rules and/or regulations. As such, Defendant cannot fairly respond.

Interrogatory 19: For the period of January 1, 1997 to the present, identify the names, race, and gender of all applicants who submitted an application in response to a HUD civil service status-only vacancy announcement, who were found ineligible because they lacked civil service status, and who were nevertheless considered pursuant to a "DEU" application processing for the same position, even though they never applied in response to the DEU vacancy announcement.

Answer No 19

Objection. The defendant objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible

9

evidence.

## INTERROGATORIES 20-22

Applicant flow data contains information on the race and gender of applicants. Plaintiff propounded interrogatories 20 and 21 for the purpose of determining whether applicant flow data was consulted for the purpose of staffing the Community Builder and PHRS positions, and if so, if it was done to have the effect of reducing the numbers of White males hired.

Interrogatory 20:   Identify each and every person who was trained to produce Applicant Flow reports, and or Adverse Impact reports, from the EEOMAS database, from January 1, 1993 to the present.

### Answer No 20

Objection. The defendant objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 21:   For the period of January 1, 1997 through December 31, 2000, identify and describe each inquiry made of HUD's EEOMAS database, and further describe the purpose of each such inquiry.

### Answer No 21

Objection. The defendant objects to this request on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding nor waiving the foregoing, HUD has produced its AEP Reports and such other results as have been located in response to inquires made in this matter.

Interrogatory 22:   Identify each Applicant Flow report, or Adverse Impact report, that was generated from the EEOMAS database, which concerned or related to the position(s) identified in one or more of the following vacancy announcements: 06-MSR-2000-0099AZ, 06-DEU-2000-0081A, OS-MST-98-0002A, including a description of who requested such reports, and when such reports were requested.

### Answer No. 22

Defendant has not located any such reports to date. The defendant shall supplement if appropriate.

WHEREFORE, Plaintiff requests that this Court order HUD to respond fully within 15

10

days to Interrogatories 3-9, 11-14, 16, 17, and 19-22.

                                                    The Plaintiff
                                                    By his attorneys,

                                                    _____/s/ Robert S. Mantell_____
                                                    Kevin G. Powers
                                                    BBO# 405020
                                                    Robert S. Mantell
                                                    BBO# 559715
                                                    Rodgers, Powers & Schwartz LLP
                                                    18 Tremont Street, Suite 500
                                                    Boston, MA  02108
                                                    (617) 742-7010, ext. 305
                                                    fax (617) 742-7225

## LR 7.1 AND 37 CERTIFICATION

I, Robert S. Mantell, hereby certify that on December 4, 2006, I conferred with Mark Grady, Esq., attorney for Defendant, in an effort to resolve or narrow the issues addressed herein.

/s/ Robert S. Mantell

patoski second motion to compel