UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11086-RCL

RICHARD S. PATOSKI,

Plaintiff

v.

ALPHONSO JACKSON, SECRETARY DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,

Defendant.

## ORDER ON

## PLAINTIFF'S REVISED MOTION TO COMPEL RESPONSES TO HIS FIRST SET OF DOCUMENT REQUESTS
*(Docket # 34)*

ALEXANDER, M.J.

Plaintiff, Richard S. Patoski ("Patoski"), files the instant motion seeking to compel the production of documents responsive to his first set of document requests. Specifically, Patoski seeks documents in response to document request numbers 1-5, 7, and 8.[1] Defendant, Alphonso Jackson, Secretary, Department of Housing and

---

[1] Oral argument was held before this Court on February 21, 2007. At that hearing, the parties stipulated that issues regarding document request numbers 27-31 and 37 had been resolved. Accordingly, the Court allowed Patoski's motion to withdraw that aspect of the instant motion.

1

Urban Development ("HUD"), opposes principally on the grounds of attorney client privilege, work product doctrine, and deliberative process privilege/presidential communications privilege.[2]

After careful review of the parties submissions, including declarations from attorneys involved in the litigation with whom the subject communications occurred, and further questioning and argument during the February 21, 2007 hearing, this Court finds that the documents sought by Patoski with respect to his first set of document requests, number 1-5, 7, and 8, are protected by the attorney client privilege and/or work product doctrine. The Court need not and does not reach a decision on the applicability of the deliberative process privilege/presidential communications privilege.

Briefly, it is perspicuous to the Court that the documents requested are all materials either prepared during the course of litigation with respect to the discussed Worth litigation, or correspondence to and from counsel for HUD regarding legal advice. The Court gives particular weight to the declarations of Attorneys Carole Wilson, David Reizes, both of whom were intimately involved in the Worth litigation.

---

[2] This Court previously recommended to District Judge Lindsay that HUD be ordered to assert the deliberative process privilege/presidential communications privilege, if it desired to avail itself of the privilege, within thirty days of the Court's order. Patoski's objection to this Court's report and recommendation is currently pending before Judge Lindsay.

Both Attorney Wilson and Attorney Reizes declare, under the penalty of perjury, that the disputed documents were prepared by counsel with respect to the <u>Worth</u> litigation or otherwise contain the mental impressions, conclusions, or legal theories of attorneys with respect to the <u>Worth</u> litigation.

This Court's decision, as aptly briefed by HUD, is in keeping with the First Circuit's treatment of the application of the attorney client privilege and work product doctrine. <u>See, e.g.</u>, <u>United States v. Mass. Inst. of Tech.</u>, 129 F.3d 681, 684 (1st Cir. 1997) (communications between counsel and their client with respect to ongoing litigation fall within the attorney-client privilege); <u>Hickman v. Taylor</u>, 329 U.S. 495, 511 (1947) (discussing the importance of the attorney work product doctrine in facilitating relationship between attorney and client). Further, upon HUD's prima facie showing that the privileges applied, Patoski did not then satisfy his burden to establish that the subject communications are discoverable. <u>See</u> <u>Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.</u>, 412 F.3d 215, 225 (1st Cir. 2005).

Accordingly, this Court hereby DENIES Plaintiff's Revised Motion to Compel Responses to His First Set of Document Requests with respect to document request numbers 1-5, 7, and 8.

SO ORDERED

3/13/07
Date

United States Magistrate Judge