UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| RICHARD S. PATOSKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> ALPHONSO JACKSON, SECRETARY, ) <br> DEPARTMENT OF HOUSING AND ) <br> URBAN DEVELOPMENT, ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 05-11086 RCL |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT TO ESTABLISH FACTS AND LIABILITY, PURSUANT TO FED. R. CIV. P. 56(d) and (e)**

Plaintiff Richard Patoski hereby submits his motion for summary judgment on Counts IV and VII. Plaintiff asks that Judgment enter in his favor pursuant to Mass. R. Civ. P. 56(e) and that facts relating to the discrimination be established for purposes of trial pursuant to Mass. R. Civ. P. 56(d). Plaintiff incorporates by reference his LR 56.1 Statement of Facts Not in Dispute (SOF), and relies upon the arguments contained in the memorandum of law that has been filed with this Motion.

Count IV alleges that HUD violated a provision of Title VII, 42 U.S.C. § 2000e-2(m), because Plaintiff's gender was a motivating factor in the decision to reject his application for a Community Builder position in 1998. The undisputed facts (SOF 169-171) show that gender was unlawfully considered, and as such, summary judgment should issue in Patoski's favor under 42 U.S.C. § 2000e-2(m). Hannon v. Chater, 887 F. Supp. 1303, 1315-1316 (N.D. 1995).

Count VII alleges, in part, that HUD violated 42 U.S.C. § 2000e-2(2) by adopting a "classification" which deprives, or tends to deprive an employee of opportunities based on his race or gender.[1] HUD unlawfully implemented an affirmative action policy which set numerical objectives and goals for the purpose of increasing the rate of hiring, promotion and training of every EEO group other than White males. See Byrd v. Ruben, 1997 U.S. Dist. Lexis 10863 (W.D. Lo.), at 20-28 (affirmative action program similar to the HUD AEP violates Title VII).

Plaintiff seeks relief under Fed. R. Civ. P. 56(e), as the evidence, viewed in the light most favorable to the non-movant, establishes that Defendant HUD violated Title VII. E.g., Wheeler v. Pioneer Development Services, Inc., 349 F. Supp. 2d 158 (D. Mass. 2004). Plaintiff also seeks relief under Fed. R. Civ. P. 56(d), which permits the Court to establish facts for the purposes of trial, where such facts are without controversy in the summary judgment record. For example, for there to be a full and fair trial on the merits of Counts II, III, V and VI, it first needs to be established whether HUD's affirmative action plan was legal, or illegal. Thus, this court should, after reviewing the sworn statements before it, determine many of the facts of this case to be without controversy, and deem them established for the purposes of trial.

WHEREFORE, Plaintiff Requests that

A. Judgment enter in his favor on Counts IV and VII, and that further proceedings be held to determine appropriate remedies;

B. Declaratory Judgment enter on Count VII that HUD's affirmative action program violated Title VII and/or the United States Constitution;

C. For the purposes of litigation and trial of Counts II and III of the Complaint, and pursuant to Mass. R. Civ. P. 56(d), an order should enter establishing that when Defendant rejected Plaintiff's application for the

---

[1] Count VII also embraces a pattern and practice claim, which Plaintiff intends to pursue at trial.

2

Community Builder position, consideration of Plaintiff's gender was a motivating factor in the decision, and that such consideration was illegal, and violated Title VII at 42 U.S.C. § 2000e-2(m).

D. For the purposes of litigation and trial of Counts II and III of the Complaint, and pursuant to Mass. R. Civ. P. 56(d), an order should enter establishing that at the time HUD rejected Plaintiff for the Community Builder position, it was implementing an affirmative action plan that illegally disadvantaged White males, and constituted unlawful discrimination on the basis of gender.

E. For the purposes of litigation and trial of Counts V and VI of the Complaint, and pursuant to Mass. R. Civ. P. 56(d), an order should enter establishing that at the time HUD rejected Plaintiff for the PHRS position, it was implementing an affirmative action plan that illegally disadvantaged White males, and constituted unlawful discrimination on the basis of gender and/or race.

F. Pursuant to Mass. R. Civ. P. 56(d), an order should issue establishing all the facts alleged in the Plaintiff's Rule 56.1 Statement of Facts which the Defendant HUD has failed to rebut.

The Plaintiff
By his attorneys,


/s/ Robert S. Mantell
Kevin G. Powers
BBO# 405020
Robert S. Mantell
BBO# 559715
Rodgers, Powers & Schwartz LLP
18 Tremont Street, Suite 500
Boston, MA  02108
(617) 742-7010, ext. 305
fax (617) 742-7225

LR 7.1 CERTIFICATION

I, Robert S. Mantell, attorney for Plaintiff, certify that on February 13, 2007, I conferred with Mark Grady, Esq., attorney for Defendant, in an effort to resolve or narrow that issues relating to this motion.

/s/ Robert S. Mantell

Patoski motion summary judgment