UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11086-RCL

RICHARD S. PATOSKI,

Plaintiff

v.

ALPHONSO JACKSON, SECRETARY, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

Defendant.

**ORDER ON**

**PLAINTIFF'S AMENDED SECOND MOTION TO COMPEL**
*(Docket # 36)*

ALEXANDER, M.J.

The instant motion to compel concerns certain interrogatories submitted by Plaintiff. Those interrogatories are numbers 3-9, 11-14, 16, 17, and 19-22.[1] The dispute over most of these issues falls under the same general description. Simply, Plaintiff seeks statistics from Defendant regarding the application and fulfillment of

---

[1] On May 8, 2007, the Court held a hearing on the instant motion. During the hearing, the parties met and later informed the Court that they had resolved the issues related to interrogatories 20, 21, and 22. As such, said aspects of Plaintiff's motion are denied as moot.

certain job opportunities within HUD, nation-wide. The statistics Plaintiff wishes to obtain include ,depending on the specific interrogatory, more or less of the following factors: the race, gender, and age of individuals who applied, were considered for, or ultimately hired for a certain HUD position. In some instances, Plaintiff seeks lists of persons, including their demographic information as indicated above, as well as their name, that were deemed "qualified" by HUD for certain positions.

Defendant's main contention is that these requests are irrelevant, improperly overbroad and unduly burdensome. Defendant maintains that it has provided the gender and age of all applicants for the Boston Community Builder position for which Plaintiff applied in 1997. Defendant cites to numerous cases, cited below, to support the limitation of discovery in Title VII cases to the smaller unit or department where the alleged discrimination occurred. Further, Defendant avers that Plaintiff is in possession of AEP Reports from 1992 through 2003 and similar data from 2004 through 2005 which provide general statistics outlining the race and gender for all hires and promotions at HUD.

## Community Builder Position

With respect to Plaintiff's request for race data with regard to the Community Builder Position, this Court already denied Plaintiff's attempt to add a claim for racial discrimination with regard to this position. Therefore, any race information with

regard to the Community Builder Position is unnecessary and unduly burdensome.

Further, with respect to age, Plaintiff alleges that only one statement, made by a hiring official, Jose Citron, is at issue - and that statement is specific to the Boston hiring.  Therefore, discovery is on the matter is limited to the Boston position for which Plaintiff applied.  Plaintiff is not entitled to nation-wide data.  See, e.g. Early v. Champion Int'l Corp., 907 F.2d 1077 (11th Cir. 1990) (limiting discovery in Title VII cases to employing unit); James v. Newspaper Agency Corp., 591 F.2d 579 (10th Cir. 1979) (limiting discovery in gender discrimination case to plaintiff's department); Haselhorst v. Wal-Mart Stores, Inc., 163 F.R.D. 10 (D. Kan. 1995) (dicovery limited to employing unit); Rodger v. Elec. Data Sys., 155 F.R.D. 537 (E.D.N.C. 1994) (appropriate scope of discovery in age discrimination case was relevant operations division); Obiajulu v. City of Rochester, Dep't of Law, 166 F.R.D. 293 (W.D.N.Y. 1996) (limiting discovery to specifically classified employees within the department).

Community Builder Fellows Position

Plaintiff also seeks information regarding Community Builder Fellows - who were temporary hires - and a positions that Plaintiff did not apply for.  Thus, any deficiencies Plaintiff may have with this hiring process have nothing to do with this case.  See, e.g. Hicks v. Arthur, 159 F.R.D. 468, 471 (E.D. Pa. 1995) ("the positions

that are relevant for discovery purposes are the positions that the plaintiffs occupied or requested promotions into."). This Court agrees. Plaintiff is not entitled to this data.

Public Housing Revitalization Specialist Position

Regarding this position, applied for in Boston in 2000, Plaintiff claims race and gender discrimination. Briefly, Plaintiff alleges that an undisputed error in the processing of his application was part of a nation-wide scheme to prevent white males from obtaining this position. Defendant maintains that this theory is illogical and nonsense, especially since Plaintiff ultimately was able to apply through the public offering of the position (the error was made in the internal hiring process previously undertaken).

Even if Plaintiff's request for this data were proper, HUD, again, avers that it would not readily have the sought race and gender information as such is not part of applications for federal employment and would have to be individually complied from other sources. Further, non-HUD employee applicants would not have provided that information at all. With the notable exception further described below, this Court sees no reason to disbelieve Defendant's asseveration as to the collection of this data, as well as the overly burdensome nature of being forced to collect such data from its records.

Summary of Ruling

During the hearing, defense counsel agreed that if any <u>already created</u> report existed with regard to Plaintiff's remaining requests, it would be produced. Accordingly, within ten (10) days of this order, Defense counsel is to specifically inquire of his client whether any such reports exists. If so, Defendant is required to produce any such reports to Plaintiff within thirty (30) days of this order, or alternatively, a statement that said reports do not exist.

Unless, of course, any of the above-described reports exists, Defendant is in no way obligated to compile any of the data as requested in the instant motion. The Court finds that to force Defendant to do so would be unduly burdensome and that the information sought is largely irrelevant.

Accordingly, this Court ALLOWS IN PART and DENIES IN PART Plaintiff's Amended Motion to Compel as consistent with this order.

SO ORDERED.

5/9/07
Date



United States Magistrate Judge

5