UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD S. PATOSKI,                )  | |
|     Plaintiff,               )  | |
| v.                                              )  | C.A. No. 05-11086-RCL |
| ALPHONSO JACKSON, SECRETARY )  | |
| DEPARTMENT OF HOUSING AND  )  | |
| URBAN DEVELOPMENT           )  | |
|     Defendant.              )  | |

**DEFENDANT'S RESPONSE TO THE PLAINTIFF'S ADDITIONAL STATEMENT OF UNDISPUTED FACT**

203. The factual allegation is irrelevant to the issues raised in the Defendant's Motion for Summary Judgment. Title VII, which requires an adverse employment action, is the sole and exclusive remedy for federal workplace discrimination. Thus, to the extent that the Plaintiff alleges damages from the mere existence of the AEP report, that claim is not actionable under Title VII. To the extent that a claim predicated upon the constitution may exist against the federal government, it would not exist to afford monetary relief for emotional distress as there has been no waiver of sovereign immunity. See FDIC v. Meyer, 510 U.S. 471, 483-486 (1994) (the United States has not waived sovereign immunity for damages based upon the constitution); McCloskey v. Mueller, 446 F.3d 262, 271-72 (1st Cir. 2006) (same). Because HUD's AEP no longer exists, any such claim is moot. See Def. Sum. J. Memo., p. 3-4; Def. Opp. Pl. Mot. Summ. J., p. 9-12.

204. To the extent that the Plaintiff recounts data, admitted that the data listed in the paragraph reflects a portion of the data contained in HUD's 2004 MD 715 report. To the extent that the paragraph purports to state what the data reflects, it is denied. No rational factfinder could reach the conclusions proffered by the Plaintiff based upon the data. Further, the data as to promotions is irrelevant, Plaintiff claims he was not selected for two positions for which he applied and Plaintiff has not alleged that he was not promoted at HUD because of his race and or gender.

205. The document contains, among other bases for the positive evaluation, the statement quoted by the Plaintiff. No rational factfinder could conclude that the evaluation demonstrates that Carmen Valenti discriminated against the Plaintiff or that Carmen Valenti promoted minorities, rather than white males, to obtain a favorable rating. Pl. Exhibit 60, p. 5391-5393.

206. The Plaintiff's factual allegation in this paragraph relies upon a 2001 document superseded by MD 715. Def. Statement of Fact, ¶ 81.

207. The allegation is irrelevant. Patoski has never been eligible for or applied for the Upward Mobility Program, cannot describe any instance in which he has been harmed by the Upward Mobility Program and does not contend that the Upward Mobility Program

     played any role in either the 1997 CB non selection or 2000 PHRS non selection. Def. Statement of Fact, ¶ 85-90.

208. The factual allegation is admitted. That being said, it is irrelevant. The fact that HUD sends employees to training is not evidence of discrimination in the 1997 or 2000 hirings.

209. The statements are accurately quoted from the noted reports. As noted in the Defendant's Memorandum, a commitment to diversity is not evidence of discrimination nor are such statements in reports on 2005 and 2006 evidence of discriminatory intent in the 2000 PHRS and 1997 CB hiring processes.

210. Admitted.

211. Admitted that MD-715 eliminated numerical objectives.

212. Admitted.

213. Admitted.

214. Admitted.

215. Admitted.

216. Admitted.

217. Admitted.

218. Admitted.

219. Admitted that the data in this paragraph accurately reflects that contained in the Report. With respect to data as to promotions, the data is irrelevant. This Plaintiff claims he was not selected for a Community Builder Position in 1998 and a Public Housing revitalization Specialist Position in 2000. The Plaintiff has not claimed he was denied any promotion. The data for 2005 is further irrelevant to the two non-selection claims at issue in this matter.

220. The paragraph's allegations with respect to the 2005 MD 715 Report are irrelevant to non-selection claims at issue. To the extent that the Plaintiff seeks to challenge HUD's implementation of MD 715, he has failed to state a claim as outlined in the Defendant's Memorandum.

221. HUD hasn't identified any barriers for any group and is awaiting further instructions from EEOC as to how to identify barriers. Def. Statement of Fact, ¶ 80.

222. Admitted.

223. Admitted.

224. Admitted.

225. Admitted.

226. Admitted.

227. HUD admits that the plaintiff was erroneously found not to be qualified under the MSR announcement. See Def. Statement of Facts, ¶ 59.

228. Cheryl Teninga testified that she did not remember if she knew Abbey Ogunbola's race at the time of selection and that the Application's reference to participation in the Professional National Black MBA Association was indicative of the applicant's race but that she did not know it. Def. Statement of Fact, Exhibit 2, p. 75.

229. HUD admits that the Plaintiff was erroneously found not to be qualified under the MSR announcement. Def. Statement of Facts, ¶ 59. No applicants, minority or otherwise, made the best qualified list under the MSR process. Def. Statement of Facts, ¶ 31.

230. No applicants, minority or otherwise, made the best qualified list under the MSR process. Def. Statement of Facts, ¶ 31. The remainder of the paragraph is not a proper assertion of fact in accord with Fed. R. Civ. p. 56. Plaintiff asks this Court to evaluate an applicant's qualifications for a position with HUD. Even assuming there were something wrongful (there is not), to the extent that HUD somehow wronged another employee, it is that employee, not this Plaintiff who can pursue that claim.

231. No applicants, minority or otherwise, made the best qualified list under the MSR process. Def. Statement of Facts, ¶ 31.

232. Mary Kuhn applied under the MSR process for the 2000 PHRS position. She is a white female. Mary Kuhn was not found to make the best qualified list under the MSR process, the paragraph inaccurately states that she was found not eligible. She would not have been rated if she had been found ineligible. See Def. Statement of Fact, ¶ 29. There is no dispute that she was hired for another PHRS position in another part of the country.

233. Admitted.

234. Admitted.

235. The audit of HUD OPM reached the conclusion that HUD exceeded its Schedule A hiring authority in hiring the Fellows.

236. Denied inasmuch as a HUD auditor cannot be deemed to speak for Congress' intent or serve as a reference to identify the content of Congressional legislation. Admitted that HUD hired Abbey Ogunbola for the 2000 PHRS position for which this Plaintiff applied and that Mr. Ogunbola had been a Community Builder Fellow.

237. Admitted.

          Respectfully Submitted,
          United States of America,
          By its Attorneys.

          MICHAEL J. SULLIVAN
          UNITED STATES ATTORNEY

By:          _/s/ Mark J. Grady_____
          Mark J. Grady
          Assistant United States Attorney
          United States Attorney's Office
          1 Courthouse Way– Suite 9200
          Boston, MA 02210
          Telephone (617) 748-3136