UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD S. PATOSKI,<br><br>             Plaintiff,<br><br>v.<br><br>ALPHONSO JACKSON, SECRETARY,<br>DEPARTMENT OF HOUSING AND<br>URBAN DEVELOPMENT,<br><br>             Defendant. | C.A. No. 05-11086 RCL |

**PLAINTIFF'S MOTION TO CERTIFY FOR AN INTERLOCUTORY APPEAL THE ISSUES INVOLVING THE GRANT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNT VII, AND THE DENIAL OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT VII**

Pursuant to 28 U.S.C. § 1292(b), Plaintiff Richard S. Patoski moves that this court certify an interlocutory appeal on issues relating to the grant of Defendant's Motion for Summary Judgment on Count VII, and the denial of the Plaintiff's Motion for Summary Judgment on Count VII, based on an order entered on November 7, 2007. Count VII seeks a remedy for Defendant HUD's implementation of an Affirmative Employment Plan. That Plan, the "AEP," sets forth numerical goals for hiring, promoting and training women and minorities, to improve their employment opportunities at HUD, but fails to set similar goals for White males.

Plaintiff filed a motion for summary judgment on Count VII. In that motion, Plaintiff argued that the AEP was per se unlawful, in violation of Title VII, 42 U.S.C. § 2000e-2(a)(2). Defendant also filed a motion for summary judgment on Count VII, asserting that the claim involving the AEP is moot, because the program no longer exists.

On November 5, 2007, a hearing was held on the cross-motions for summary judgment. At the hearing, this Court indicated that it would grant Defendant's motion and deny Plantiff's motion with regard to Count VII. The Court opined from the bench that, given HUD's assertion that the AEP program had been cancelled, and would not be resurrected, the claim was moot. The court rejected Plaintiff's argument that he was entitled to recover for the emotional distress that he experienced as a result of the AEP, because there was no expert testimony that Plaintiff suffered emotionally as a result of the AEP. The Court further rejected Plaintiff's second argument that Plaintiff's request for declaratory judgment was a live issue, given the parallel gender discrimination claims remaining in Counts II and IV. The Court's decision was entered on November 7, 2007.

The District Court may certify for appeal an interlocutory matter which is not otherwise appealable if the District Court is of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate outcome of the litigation. 29 U.S.C. § 1292(b); see Natale v. Pfizer, Inc., 379 F. Supp. 2d 161, 181 (D. Mass. 2005).

The Court's decisions with regard to Count VII are appropriately the subject of interlocutory review, as the AEP plays a central role in the litigation of remaining gender discrimination claims in Counts II, III and IV. Determination of whether the AEP is lawful or unlawful is a necessary predicate before the rest of this case may be tried. Plaintiff seeks recovery for gender discrimination in his non-selection for a Community Builder position. As evidence of discrimination, Plaintiff intends to introduce evidence of the AEP, to demonstrate that HUD had a corporate-wide policy which disfavored

2

White males, and which encouraged Managers and Supervisors at HUD to favor applications of women. Specifically, at the time of the non-selection, the AEP contained goals for hiring over 100 White women into the class of position into which Plaintiff sought promotion, and in fact, three White women were offered the position over Plaintiff.

It is important to determine whether the AEP was unlawful before these non-selection claims are tried. In the absence of direction that the AEP was unlawful, a jury could consider the AEP to be a mere benign, lawful program, that HUD was completely entitled to pursue. For example, in the case of DeCorte v. Jordan, 497 F.3d 433 (5th Cir. 2007), Judith DeCorte, a White individual, asserted that she was terminated because of her race. At the time of DeCorte's termination, the employer maintained a Cultural Diversity Report (CDR), which established the goal of having the department reflect the racial composition of Orleans Parish. Id. at 440. In instructing the jury on the wrongful termination claim, the Judge stated that it had found the DCR to constitute an invalid affirmative action plan. Id. at 440. Plaintiff likewise seeks a similar jury instruction involving HUD's AEP, when the jury considers Plaintiff's non-selection case.

It is clear that a **"governmental employer commits unlawful discrimination when it takes race [or gender] into account in an employment decision and acts pursuant to an invalid affirmative action plan."** See Bass v. Bd. Of County Comm'rs, 256 F.3d 1095, 1110 (11th Cir. 2001). Id. at 1110. Likewise, before a jury considers whether Plaintiff was rejected for the Community Builder position because of his gender, it should be determined whether the AEP in place at the time was "invalid." Id. & n.6.

Plaintiff's claim for declaratory judgment on the AEP represent a "live" controversy, and is not moot, given its relationship to a pending claim for damages involving the CB position. Furthermore, if the Court rules against the Plaintiff on Count VII, and finds the AEP to be valid, the whole subsequent trial would be subject to reversal if this one ruling were later held to be in error. Thus, an immediate appeal based on the validity of Count VII, is necessary to the orderly processing of this case.

At the hearing, the Court asserted that Count VII was moot, in that it was not attached to any specific adverse action. Plaintiff does claim that the AEP influenced the decision not to hire him for the Community Builder position. However, even if there were no direct relationship to that non-selection, Plaintiff is not required to prove an adverse employment action in connection with this claim. Plaintiff seeks recovery under Count VII in that he was the subject of an unlawful classification. The statute prohibiting unlawful classifications states: "It shall be an unlawful employment practice for an employer to . . . classify his employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race . . . [or] sex . . . ." 42 U.S.C. § 2000e-2(a)(2).

The plain wording of the statute would seem to indicate that the unlawful classification alone constitutes an unlawful employment practice. The classification need only "tend" to impair employment opportunities to be actionable. The provision does not hint that an additional adverse action is required. There appears to be a complete lack of any legal precedent supporting the view that an adverse action is required to state a claim under 42 U.S.C. § 2000e-2(a)(2). Thus, this Court's requirement for an adverse action

4

represents a ruling upon which reasonable minds might differ, and represents a proper ground for immediate appeal.

Moreover, the Court determined that Plaintiff's claim for emotional distress damages was insufficient to state a live claim under 42 U.S.C. § 2000e-2(a)(2), indicating that expert testimony was required to establish causation necessary to state a claim. Again, there is no legal precedent for this proposition, and a substantial ground for difference of opinion exists on this point as well.

Finally, Plaintiff has argued that Defendant's assertion that the AEP has been discontinued is an inadequate basis on which to find the claim is moot. There is no statement from any public official to support the Defendant's litigation position, and the evidence indicates that the AEP, and AEP-like programs, continue unabated.

WHEREFORE, Plaintiff requests that the District Court certify for interlocutory appeal issues relating to the grant of Defendants motion for summary judgment on Count VII, and the denial of Plaintiff's motion for summary judgment on Count VII.

The Plaintiff
By his attorneys,

/s/ Robert S. Mantell
Kevin G. Powers
BBO# 405020
Robert S. Mantell
BBO# 559715
Rodgers, Powers & Schwartz LLP
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 742-7010, ext. 305
fax (617) 742-7225

LR CERTIFICATION

      I, Robert S. Mantell, attorney for Plaintiff, certify that on February 13, 2007, I conferred with Mark Grady, attorney for Defendant, for the purpose of narrowing or resolving the issues contained in this motion.

                                                /s/ Robert S. Mantell

Patoski motion certify interlocutory