UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
RICHARD S. PATOSKI,                )
    Plaintiff,                     )
                                   )
v.                                 )   Civil Action No. 05-11086-RCL
                                   )
ALPHONSO JACKSON, SECRETARY,       )
DEPARTMENT OF HOUSING AND          )
URBAN DEVELOPMENT                  )
    Defendant.                     )
_____)

ORDER ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

    Before me are portions of the parties' cross-motions for summary judgment. At the hearing on these motions, I denied the plaintiff's motion and so much of the defendant's motion as was directed to counts II, III and IV of the complaint. I granted the defendant's motion insofar as it was directed to counts V, VI and VII of the complaint. I took under advisement the defendant's motion to the extent that it related to counts I, VIII, and IX of the complaint. Upon further consideration of the defendant's motion for summary judgment, the papers submitted in support of and in opposition to that motion, and the arguments made by counsel at the hearing held on November 5, 2007, I make the following rulings.

    1.    Count I alleges age discrimination in violation of the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a. The plaintiff claims that, in or about October, 1997, he was denied one of four new Community Builder positions in the Boston office of HUD, and that the decision to deny him the position was motivated by age-based animus.

An employee who claims to have been denied a job opportunity because of his age bears the ultimate burden of establishing that age was the determinative factor in the employer's decision to deny the employee the job opportunity, that is, the burden to establish that he would not have been denied the opportunity but for his age. *See Bennett v. Saint-Gobain Corp.*, --- F.3d ----, 2007 WL 3227393, at *5 (1st Cir. Nov. 2, 2007). To carry that burden in the face of a motion for summary judgment, "the evidence adduced [by the employee] on each of the elements of his asserted cause of action must be significantly probative." *Id.*

In the first instance, the plaintiff/employee must establish the modest requirements of a prima facie case, showing (1) that he was at least forty years of age at the time the job opportunity was denied, (2) that his job performance met or exceeded his employer's legitimate expectations, (3) that he was not selected for the position, and (4) the employer had a continuing need for a person to fill the position. *Id.* at *6; *see Clifford v. Barnhart*, 449 F.3d 276, 280-81 (1st Cir. 2006); *Sanchez v. Puerto Rico Oil Co.*, 37 F.3d 712, 719 (1st Cir. 1994). The summary judgment record shows that the plaintiff can meet this burden.

Once the plaintiff makes out his prima facie case, the burden of production shifts to the defendant-employer to articulate a legitimate, nondiscriminatory reason for the defendant's decision to deny the job opportunity to the plaintiff. *Bennett*, 2007 WL 3227393, at *6. At this stage, "[t]he employer's burden is not a burden of persuasion; the employer need do no more than articulate a reason which, on its face, would justify a conclusion" that the plaintiff was denied the position for a nondiscriminatory motive. *Davila v. Corporacion de Puerto Rico Para La Difusion Publica*, 498 F.3d 9, 16 (1st Cir. 2007).

2

If the employer meets the burden of producing a facially adequate explanation for the employment decision, the employee can no longer rest on the initial inference of discrimination, but must show that the explanation offered by the employer is a pretext for discrimination and "the bottom-line question of discrimination vel non comes front and center." *Id.*; *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143-49 (2000) (noting that, while the factfinder's rejection of the employer's proffered, nondiscriminatory reason for the employer's action does not *compel* judgment for the plaintiff, it is *permissible* for the factfinder to infer the ultimate fact of discrimination from the falsity of the employer's explanation, and noting also that the plaintiff, at all times, bears the burden of establishing intentional discrimination). Thus, "[t]he question to be resolved is whether the defendant's explanation of its conduct, together with any other evidence, could reasonably be seen by a jury not only to be false but to suggest an age-driven animus." *Ronda-Perez v. Banco Bilbao Vizcaya Argentaria–Puerto Rico*, 404 F.3d 42, 44 (1st Cir. 2005); *see Zapata-Matos v. Reckitt & Colman, Inc.*, 277 F.3d 40, 45 (1st Cir. 2002) ("the ultimate question is not whether the explanation was false, but whether discrimination was the cause of" the adverse employment action). "Ultimately, the question is one of the sufficiency of plaintiff's evidence," weighed on a "case by case" basis. *Zapata-Matos*, 277 F.3d at 45 (citation omitted).

As required by *Reeves*, 530 U.S. at 148-49, I must consider "the strength of [the] plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and other evidence supporting the employer's case," if any such evidence exists, in determining whether the plaintiff's count I claim survives summary judgment. *Zapata-Matos,* 277 F.3d at 47-48. Here, the defendant claims that promotion of the plaintiff to the Community

Builder position was denied because the plaintiff lacked adequate "people skills."  Whether this explanation is false is a disputed factual question.  The plaintiff claims that the defendant's employee, Mary Lou Crane (who recommended applicants for the position), was not truthful when she said she based her negative recommendation concerning the plaintiff on his lack of interpersonal skills, as evidenced in complaints from two public officials.  The defendant, on the other hand, says that Crane's judgment about the plaintiff's interpersonal skills was based on more than the two complaints in question and included, among other things, an assessment of the plaintiff by his supervisor, an assessment by a Congressman, and her own personal knowledge of the plaintiff.[1]

The question of pretext is thus a trialworthy issue.[2]  Assuming, as I must, that the plaintiff can persuade the factfinder that the explanation offered by the defendant for its denial of a Community Builder position to the plaintiff was false, the question is whether there is sufficient evidence for the factfinder also to conclude that the determinative factor in the defendant's failure to appoint the plaintiff was the plaintiff's age.

---

[1] The plaintiff says that the falsity of the explanation lies in the timing of the complaints from the two public officials.  He says that there were no complaints from these two individuals before Crane made her recommendations for the appointment of persons to fill the Community Builder positions. *See, e.g.*, Patoski Dep. 114:11-19, Dec. 7, 2006.  Crane, on the other hand, testified, in deposition, that she received the complaints in question before the plaintiff became a candidate for the Community Builder position. *See, e.g.*, Crane Dep. 126:16-127:9, May 5, 2006.  Moreover, Crane testified that her negative recommendation was not based on these two complaints, but on her own knowledge of the plaintiff and his "brusque personality."  *Id*. at 140:2-5.

[2] In assessing whether the plaintiff's claimed lack of interpersonal skills was a pretext for discrimination against him because of his age, the "focus must be on the perception of the decisionmaker, that is, whether the employer believed its stated reason to be credible." *Azimi v. Jordan's Meats, Inc.*, 456 F.3d 228, 246 (1st Cir. 2006) (internal quotation marks and citations omitted).

In this connection, the plaintiff first points to evidence to the effect that one of the persons appointed to the Community Builder position was a woman, Linda Pellegrino, who was younger than the plaintiff and who had fewer years of experience in HUD than he. He also says that his experience at HUD and knowledge of HUD programs were greater and more relevant to the position of Community Builder than the experience and knowledge of Pellegrino. From this the plaintiff concludes that he was more qualified than Pellegrino, and that HUD, therefore, should have appointed him to the position instead of Pellegrino. The defendant takes the position that qualifications for the position of Community Builder require more than knowledge of HUD programs, but also an "ability to interact and deal with people on a personal basis." Affidavit of José Cintron ("Cintron Aff.") at 4., Def.'s Ex. 20.

As further evidence of discrimination, the plaintiff attributes to José Cintron, the person who actually appointed persons to the Community Builder position, the belief that "it is more difficult for older persons to change their behavior." First Am. Compl. ¶ 10. That attribution is apparently based on an affidavit of Cintron, submitted in connection with HUD's investigation of the plaintiff's discrimination claims. In the affidavit, Cintron acknowledges that the plaintiff had sufficient "program knowledge" to qualify him for the Community Builder position. Cintron goes on to say, however, that program knowledge can be vitiated by insufficient "people skills." It is in that context that Cintron makes the statement on which the plaintiff bases his claim that Cintron acted with an age-based animus in declining to appoint the plaintiff to the Community Builder position. What Cintron said was: "I did not intend to select anyone who did not have the people skills. As a rule, program requirements can be learned, but it is more difficult, if not impossible, to learn new or change old behaviors." Cintron Aff. at 4., Def.'s Ex. 20. The statement thus

5

concerned the relative ease with which one can learn HUD programs as opposed to the difficulties of reforming one's personality-based behaviors. Viewed in the context in which it was made, the statement is not one which a rational factfinder could find to be ageist.

The question that remains unanswered on the present motion, however, is whether the plaintiff was, in fact, denied the Community Builder position because of his insufficient interpersonal skills or whether that explanation was a pretext for discrimination. As noted above, the question of the defendant's good faith belief that the plaintiff was less suited for the Community Builder position because of his allegedly poor "people skills" is disputed. If the plaintiff can persuade the factfinder that the defendant had no such good faith belief, the factfinder could conclude—without being required to conclude—that the proffered explanation for the plaintiff's rejection was a pretext for age discrimination. *See Reeves*, 530 U.S. at 146-48. The burden upon the plaintiff at trial to establish age discrimination will be a significant one, particularly in view of the fact that two of the persons chosen for the Community Builder position were, like the plaintiff, in the age-protected class; and one of those persons was actually older than the plaintiff. Nevertheless, given the genuineness of the dispute as to the whether the defendant had a good faith belief in its reason for choosing someone else over the plaintiff for the Community Builder position and the requirement that I draw, in favor of the plaintiff as the non-moving party, all reasonable inferences from the facts of record, the defendant's motion for summary judgment as to count I is denied.

2.      In count VIII, the plaintiff seeks declaratory and injunctive relief for alleged ongoing patterns and practices of unlawful race and gender discrimination. The claims are brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. The

plaintiff has not opposed summary judgment with respect to count VIII. Moreover, as the defendant points out, courts that have considered the matter generally have held that "[a] pattern or practice case is not a separate and free-standing cause of action . . . but is really merely another method by which disparate treatment can be shown." *Celestine v. Petroleos de Venezuela* SA, 266 F.3d 343, 355 (5th Cir. 2001) (internal quotation marks and citations omitted); *accord Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 575 (6th Cir. 2004); *Williams v. Giant Food, Inc.*, 370 F.3d 423, 429 (4th Cir. 2004); *DeWalt v. Meredith Corp.*, 484 F. Supp. 2d 1188,1197 (D. Kan. 2007); *see also Ramirez v. DeCoster*, 194 F.RD. 348, 361 (D. Me. 2000). Accordingly, as to count VIII of the complaint, the defendant's motion for summary judgment is granted.

       3.       In count IX, the plaintiff purports to bring a claim for declaratory and injunctive relief under the Fifth Amendment to the United States Constitution. He alleges, *inter alia*, that "HUD has, and continues to engage in a pattern and practice" of unlawful race and/or gender discrimination. *See* First Am. Compl. ¶ 59.

Title VII addresses discrimination on the basis of race and gender and provides the sole remedy for claims against the government based on allegations of such discrimination. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976) (holding that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment"); *see also Mlynczak v. Bodman*, 442 F.3d 1050, 1056-57 (7th Cir. 2006) (noting that the Supreme Court's opinion in *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200 (1995), did not change that rule); *Ethnic Employees of the Library of Cong. v. Boorstin*, 751 F.2d 1405, 1415 (D.C. Cir. 1985) (observing that "federal employees may not bring suit under the Constitution for employment discrimination that is actionable under Title VII," but noting that "[n]othing . . . suggests that Congress intended

to prevent federal employees from suing their employers for constitutional violations against which Title VII provides no protection at all"). Accordingly, the plaintiff may not bring his claim for race and gender discrimination under the Fifth Amendment. The defendant's motion for summary judgment as to count IX of the complaint is granted.

    4.    In summary, the defendant's motion for summary judgment is denied as to count I of the complaint and granted as to counts VIII and IX.

The clerk shall set this matter for a final pretrial conference.

So ordered.

                                                /s/ REGINALD C. LINDSAY
                                                United States District Judge

DATED: November 26, 2007