UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD PATOSKI, <br><br> Plaintiff, <br><br> v. <br><br> ALPHONSO JACKSON, Secretary, Department of Housing and Urban Development, <br><br> Defendant. | ) <br> ) <br> ) Civil Action No. 05-11086-RCL <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**OPPOSITION TO THE REQUEST THAT THIS COURT CERTIFY AN INTERLOCUTORY APPEAL**

Now comes the defendant, Alphonso Jackson, by and through his attorney, Michael Sullivan, United States Attorney for the District of Massachusetts, to oppose the Plaintiff's request that this Court certify an interlocutory appeal of the grant of summary judgment in favor of the Defendant as to Count VII of the Plaintiffs' Complaint.

**Argument**

**I.    Interlocutory Appeals Is Disfavored**

"Ordinarily, appeal is available only from a final judgment of the district court." Berenson v. National Financial Services LLC, 485 F.3d 35, 42 (1st Cir. 2007). Thus, while 28 U.S.C. § 1292(b) provides an avenue for seeking interlocutory appeal, "[s]ection 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare." Camacho v. Puerto Rico Ports Authority, 369 F.3d 570, 573 (1st Cir. 2004). See also, e.g., Waste Management Holdings, Inc. v. Mowbray, 208 F.3d 288, 294 (1st Cir. 2000) ("[W]e have elevated the threshold for discretionary review [under Section 1292(b)], endeavoring to discourage piecemeal appeals.").

**II.    The Instant Order Does Not Fall Within 28 U.S.C. § 1292(b)**

Quite simply, the Plaintiff cannot seek to pursue an appeal under 28 U.S.C. § 1292(b) because the instant decision does not fall within its plain language.  That statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, *he shall so state in writing in such order*.

28 U.S.C. § 1292(b) (emphasis added).

As applicable here, this Court, in granting the Defendant summary judgment as to Count VII, did not "in writing such order," opine that the order met the criteria for interlocutory appeal.  Hence, the order is not subject to appeal under this provision.  Compare, Tardiff v. Knox County, 451 F.Supp.2d 253, 255 (D.Me. 2006) ("The statute requires, in order for interlocutory appeal status to be created, a certification by the Judge making the decision.  That certification must be that the Judge, "in making in a civil action an order " that is, *at the time of making the order sought to be the subject of the appeal*. . . . [made the Section 1292(b) findings].") (emphasis added and internal citations omitted).

Because, at the time of making the Order for which the Plaintiff seeks certification, this Court did not make the requisite findings, Section 1292(b) is inapposite.

**III.   The Section 1292(b) Criteria Are Not Met**

Assuming that this Court could now certify the decision, none of the Section 1292(b) criteria are met.  The question of law at issue is not controlling.  The Plaintiff may unquestionably proceed to trial in the absence of appellate review on the remaining claim, *i.e.*, that his non-selection for the 1998 Community Builder position was based upon age and gender discrimination.  Further, to the

extent that HUD's AEP is relevant to these claims (if at all), the form of such evidence may be determined by this Court by pre trial motions *in limine*.

There is no substantial ground for difference of opinion. To the extent that the Plaintiff seeks to pursue a free standing claim against the United States based upon the AEP (rather than under Title VII for a specific adverse employment action - as is the case in the counts that will now proceed to trial) any such remedy is moot and the only other court to have reviewed the issue in this context has agreed. See Worth v. Jackson, 451 F.3d 854 (D.C. Cir. 2006). To the extent that the Plaintiff would seek monetary damages based solely upon the existence of the AEP, the claim is unquestionably precluded by Title VII. See Brown v. GSA, 425 U.S. 820, 835 (1976).

Finally, interlocutory appeal would unquestionably delay, rather than advance, the conclusion of this litigation. "[I]nterlocutory appeals are disruptive, time-consuming, and expensive." Waste Management, 208 F.3d at 294. It cannot be reasonably questioned that interlocutory appeal, even on an expedited track (one which the First Circuit may or may not allow), would delay the trial of this matter for months, if not years.

**Conclusion**

For the foregoing reasons, the Plaintiff's request for certification should be denied.

                    Respectfully submitted,
                    MICHAEL J. SULLIVAN,
                    United States Attorney

By:    /s/ Mark J. Grady
        Mark J. Grady, Assistant U.S. Attorney
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        617-748-3136

Certificate of Service

The docket reflects that this Motion will be served electronically.
                    /s/ Mark J. Grady
                    Mark J. Grady
                    Assistant U.S. Attorney