UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ )
RICHARD PATOSKI,                            )
                                            )     Civil Action No. 05-11086-RCL
              Plaintiff,                     )
                                            )
        v.                                   )
                                            )
ALPHONSO JACKSON, Secretary,                 )
Department of Housing and Urban              )
Development,                                 )
                                            )
              Defendant.                     )
                                            )

**MOTION TO EXCLUDE EXPERT TESTIMONY REGARDING PLAINTIFF'S
PSYCHIATRIC TREATMENT AND DIAGNOSIS**

By way of the Pre-Trial memorandum, Plaintiff has indicated an intent to call two

individuals, Dr. Robert Abernathy and Dr. Lori Stearn, to testify regarding diagnoses and

medical treatment of the Plaintiff.  Because the Plaintiff has not produced evidence regarding

this potential testimony in discovery based upon the assertion of privilege and has not complied

with the mandatory disclosure requirements of Fed. R. Civ. P. 26, such testimony should be

excluded and/or limited.

<u>Argument</u>

I.      <u>The Plaintiff Should Not Be Allowed to Both Assert Privilege When Discovery Is Sought
        And Yet Also Introduce Such Evidence at Trial</u>

In this case, neither an expert report nor records of treatment of the Plaintiff by these

individuals has been provided to the defense.  Indeed, when the Plaintiff was questioned at

deposition regarding his treatment, he asserted psychotherapist/patient privilege.  It is undisputed

that privilege would protect such records to the extent that it has not been waived.  <u>See</u>, <u>e.g.</u>,

Jaffee v. Redmond, 518 U.S. 1 (1996)(recognizing federal common law psychotherapist/patient privilege); Ruhlmann v. Ulster County Dept. of Social Services, 194 F.R.D. 445, 448 (N.D.N.Y. 2000) ("the federal common law psychotherapist-patient privilege protects plaintiff's psychiatric records to the extent that he has not waived that privilege.").  Nor does merely claiming emotional injury constitute waiver.  Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 229 (D. Mass. 1997) ("When a patient pleads emotional injury, she has not explicitly waived the privilege.").

But the Plaintiff may not both assert the privilege as to such records when discovery is sought by the Defendant, and, subsequently attempt to call these treating physicians to testify regarding their diagnosis and treatment of the Plaintiff at trial.  See, e.g., Vanderbilt, 174 F.R.D. at 230 ("Were she to introduce evidence regarding the substance of her conversations with her psychotherapist in order to further her claim of emotional damage, this court would agree that she could not shield the communication from others."); Booker v. City of Boston, Nos. 1999 WL 734644, at *1 (D.Mass. 1999) ("privilege is not waived *unless the plaintiff makes positive use of the privileged material in the prosecution of her case*").

As an initial matter then, the Plaintiff should not be allowed to assert privilege in discovery, and subsequently waive the privilege at trial by introducing evidence regarding psychiatric treatment and/or diagnosis when discovery has not been afforded to the Defendant on this issue.  For these reasons, such testimony should be excluded.[1]

---

[1] At a minimum, in that Plaintiff has now decided to waive the privilege, the Defendant should be afforded limited additional opportunity to conduct discovery as to treatment and retain an expert.

II.    <u>Because the Plaintiff has Not Provided An Expert Report, These Physicians Should Not Be Allowed to Testify As To Issues Regarding Causation and Predictions About The Permanency of Plaintiff's Injuries</u>

Rule 26(a)(2) of the Federal rules of Civil Procedure provides, in relevant part:

a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2).

The fact that the two physicians at issue have provided treatment is not a basis upon which to excuse compliance entirely with the mandatory disclosure requirements.  Admittedly, in adopting the 1993 amendments to the Federal Rules of Civil Procedure, the advisory committee expressly recognized that the written report requirement of Rule 26(a)(2), excluded treating physicians.

The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony.  *A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.*

FedR. Civ. P. 26(a)(2), advisory committee notes, 1993 amendments (emphasis added).

That being said, "[a]lthough the language of the rule and advisory committee notes

would, at first glance, appear straightforward, the applicability of the written report requirement to treating physicians who provide expert testimony is unclear because, in practice, the testimony of treating physicians often departs from its traditional scope--the physician's personal observations, diagnosis, and treatment of a plaintiff--and addresses causation and predictions about the permanency of a plaintiff's injuries, matters that cross over into classic expert testimony."  Kirkham v. Societe Air France, 236 F.R.D.9, 11 (D.D.C. 2006).  Thus, the fact that the two proposed witnesses are treating physician is not grounds to forgo compliance with Fed. R. Civ. P. 26(a)(2) entirely.

Admittedly, courts have split on the issue.[2]  See, e.g., Garza v. Roger Henson Trucking L.L.C., 2006 WL 1134911, *3 (D.Neb. 2006) (where no expert report was provides the court concluded that "plaintiff's medical providers would be allowed to testify as to their observations, diagnoses and treatment of the plaintiff."); Griffith v. Northeast Illinois Reg'l Commuter R.R. Corp., 233 F.R.D. 513, 517 (N.D. Ill 2006) (report is required when a treating physician provides expert testimony as to causation, prognosis or future disability); Sowell v. Burlington Northern and Santa Fe Railway Co., 2004 WL 2812090, at *2-*3 (N.D. Ill. 2004) (report is required where treating physician testimony includes opinions on "causation, permanency, and prognosis"); McCloughan v. City of Springfield, 208 F.R.D. 236, 241-42 (C.D. Ill. 2002)

---

[2]The Sixth Circuit has upheld orders permitting treating physicians to testify with regard to their treatment and prognois when formed in the context of treatment, but has also precluded testimony as to prognosis in the absence of a Rule 26 report.  See Fielden v. CSX Transp., Inc., 482 F.3d 866 (6th Cir. 2007); Mohoney v. USA Hockey, Inc. 138 Fed.Appx. 804, 811-812 (6th Cir. 2005); Harville v. Vanderbilt University, Inc., 95 Fed.Appx. 719 (6th Cir.2003); see also, Sixth Cir. Local Rule 28(g) (permitting citation to unpublished decisions).  The Seventh Circuit has noted , but not decided,  the issue.  Musser v. Gentiva Health Services, 356 F.3d 751, 758 n.3 (7th Cir. 2004).

(collecting cases, and concluding that expert report is <u>not</u> required where treating physician offers testimony on "causation, diagnosis, and prognosis").

The issue has been addressed in one prior opinion of the District of Massachusetts. In <u>Garcia v. City of Springfield Police Dept</u>., 230 F.R.D. 247, 249 (D.Mass. 2005), this Court (Gorton J.), found:

> [I]n determining whether the proposed testimony ought to be excluded for lack of a Rule 26 expert report, each court carefully examined both the foundation of the expert witness's opinion and the scope of the testimony. The common rule distilled from the above decisions is that so long as the expert care- provider's testimony about causation and prognosis is based on personal knowledge and on observations obtained during the course of care and treatment, and he or she was not specially retained in connection with the litigation or for trial, a Rule 26 expert report is not necessary.

<u>Garcia v. City of Springfield Police Dept</u>., 230 F.R.D. 247, 249 (D. Mass. 2005).[3]

The Defendant would suggest that district courts who have concluded that an expert report is required where testimony exceeds a physician's own observations and treatment are better reasoned and would ask that the testimony of these witnesses (or any other treating physician) be limited to the physicians own observations and treatment. In this regard, Defendant would note that the First circuit has emphasized the importance of such disclosures to trial preparation:

---

[3]The District of Columbia identified several issue that it felt were essential in determining whether an written report should be required: "(1) [i]s [the expert] receiving compensation, or does [the expert] expect to receive compensation for time spent preparing for testimony and/or providing testimony?; (2) [w]hen did [the expert] commence treatment of plaintiff?; (3) has [the expert] prepared an opinion at the request of counsel or in connection with this litigation?; (4) [d]id [the expert] review the medical records of another care provider or information supplied by counsel in order to prepare his opinion?; (5) [i]s [the expert's] opinion based solely on information learned from his actual treatment and care of plaintiff?" <u>Kirkham</u>, 2006 WL 1000343, *3. The United States would request voir dire on these issues prior to the testimony of these individuals.

> We have recognized that in the arena of expert discovery--a setting which often involves complex factual inquiries--Rule 26 increases the quality of trials by better preparing attorneys for cross-examination. The failure to provide an expert report that satisfies the specific requirements of Rule 26(a)(2)(B) undermines opposing counsel's ability to prepare for trial. Accordingly, district courts have broad discretion in meting out sanctions for Rule 26 violations and the exclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a).

Pena-Crespo v. Puerto Rico, 408 F.3d 10, 13 (1st Cir. 2005).

The appropriate remedy for failure to comply with the disclosure rules is exclusion. The express language of the Federal Rules supports the proposition that exclusion is the appropriate remedy. Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, a party "that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1). See also, Pena-Crespo, 408 F.3d at 13 (""A party who fails to disclose the necessary information under Rule 26(a), without substantial justification, is not permitted to present the witness' testimony at trial" ).[4]

---

[4]It should be noted that it is not incumbent upon the United States to seek to compel *mandatory* disclosures. The 1993 revisions expressly contemplated exclusion of testimony as the appropriate sanction for failure to provide mandatory expert disclosure in the absence of any motion. Indeed, the Advisory Committee Notes to Rule 37 reflect the opinion that enforcement of the mandatory disclosure rules is better served by exclusion rather than a motion to compel or other remedy:

> [A] motion [to compel] may be needed when the information to be disclosed might be helpful to the party seeking the disclosure but not to the party required to make the disclosure. *If the party required to make the disclosure would need the material to support its own contentions, the more effective enforcement of the disclosure requirement will be to exclude the evidence not disclosed.* . . .

Fed. R. Civ. P. 37, advisory committee notes, 1993 amendments (emphasis added); see also, Fed. R. Civ. P. 26(a)(2), advisory committee notes 1993 amendments ("Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed.").

<u>Conclusion</u>

For the foregoing reasons, Defendant requests that testimony regarding the treatment

and/or diagnosis of any psychiatric injury be excluded or limited.

Respectfully Submitted,
MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:     /s/ Mark J. Grady_____
Mark J. Grady, Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way– Suite 9200
Boston, MA 02210
617) 748-3136

<u>Certificate of Compliance</u>
I certify that I have discussed the relief requested by way of this Motion with Plaintiff's
counsel.  No agreement could be reached as to this issue.

/s/ Mark J. Grady____
Mark J. Grady
Assistant U.S. Attorney


<u>Certificate of Service</u>

I hereby certify that this document(s) filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non registered participants on March 27,
2008.

/s/ Mark J. Grady____
Mark J. Grady
Assistant U.S. Attorney