UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| RICHARD PATOSKI, | ) | |
| | ) | Civil Action No. 05-11086-RCL |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALPHONSO JACKSON, Secretary, | ) | |
| Department of Housing and Urban | ) | |
| Development, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE TO EXCLUDE TESTIMONY BY OTHER INDIVIDUALS OF THEIR OPINION OF PLAINTIFF'S INTERPERSONAL SKILLS IN THE ABSENCE OF EVIDENCE THAT SUCH OPINIONS WERE COMMUNICATED TO THE DECISION MAKERS IN THIS CASE**

The 1997 Non-Selection Claim[1]

Briefly outlining the facts of the Plaintiff's claim, in 1997 HUD created a new position, the "Community Builder," who would work with communities to access HUD programs. There were four such positions created in the Boston office. The Plaintiff, along with ten other candidates, made the "best qualified list" from which the final selections were made. The selecting official, Jose Citron ("Citron"), was provided the list of 11 possible candidates for the position, from which, he could select any four.

In making his decision, Citron contacted Mary Lou Crane ("Crane"), the Secretary's Representative for New England, who would supervise the community builders, regarding the

---

[1]This Court has entered summary judgment in favor of the Defendant as to all other claims of the Plaintiff's First Amended Complaint. See Docket # 62 and Notes of November 5, 2007 Proceedings.

candidates and their suitability for the Boston positions.[2]  Crane did not recommend Patoski, reporting that she felt that Patoski lacked the necessary interpersonal skills for the CB position. As result, Pastoski was ranked last of the eleven candidates by Citron.

Ultimately, three men and three women were selected for the position (one woman and one man declined to accept the position).

In this action, the Plaintiff seeks to introduce testimony from other individuals regarding his interpersonal skills.  See Joint Pre-trial Memorandum, Section K, Nos. 11, 12, 15, 24.  These witnesses include mayors, representatives of local housing authorities and co-workers.  It is anticipated that these individuals will testify that Mr. Patoski has good or excellent interpersonal skills and that the Plaintiff would offer such evidence to demonstrate that Ms. Crane's stated justification is pretextual.

### Argument

Inasmuch as the witnesses cannot establish that they communicated any such favorable views of Mr. Patoski's interpersonal skills to Ms. Crane in advance of the Community Builder selection process, the testimony is irrelevant and should be excluded.  "In assessing pretext, a court's focus must be on the perception of the decision maker, that is, whether the employer believed its stated reason to be credible."  Azimi v. Jordan's Meats, Inc., 456 F.3d 228, 246 (1st Cir. 2006)(citations omitted).

At issue in this matter is not whether Mr. Patoski actually lacks interpersonal skills, but instead, whether Ms. Crane reasonable believed that such was the case based on the information

---

[2] The Plaintiff contends that in these circumstances, he may prevail if he can establish that either Crane or Citron harbored discriminatory intent.  See Cariglia v. Hertz Equipment Rental Corporation, 363 F.3d 77 (1st Cir. 2004).

she possessed. To the extent that the Plaintiff wishes to call witnesses to testify to facts contrary to Ms. Crane's stated belief, such testimony is only relevant if there is evidence that Ms. Crane knew of (or at least should have known of) their opinions.

## Conclusion

For the foregoing reasons, Defendant requests that the Plaintiff be precluded from offering testimony from other individuals about their opinions of Plaintiff's interpersonal skills except where: (1) those opinions were formed prior to the decisionmaking process for the 1997 Community Builder position; and (2) Plaintiff can demonstrate that those opinions were communicated to (or otherwise known to) Ms. Crane or Mr. Citron prior to the 1997 Community Builder selection process.

                              Respectfully Submitted,
                              MICHAEL J. SULLIVAN
                              UNITED STATES ATTORNEY

By:   /s/ Mark J. Grady
        Mark J. Grady, Assistant United States Attorney
        United States Attorney's Office
        1 Courthouse Way– Suite 9200
        Boston, MA 02210
        617) 748-3136

## Certificate of Compliance

I certify that I have discussed the relief requested by way of this Motion with Plaintiff's counsel. No agreement could be reached as to this issue.

                              /s/ Mark J. Grady
                              Mark J. Grady
                              Assistant U.S. Attorney

## Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 27, 2008.

                              /s/ Mark J. Grady
                              Mark J. Grady
                              Assistant U.S. Attorney