UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RICHARD PATOSKI, | ) ) ) | Civil Action No. 05-11086-RCL |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| ALPHONSO JACKSON, Secretary, Department of Housing and Urban Development, | ) ) ) ) |  |
| Defendant. | ) ) |  |

**MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING DISPARAGING COMMENTS ALLEGEDLY MADE BY MS. CRANE CONCERNING PLAINTIFF'S LAWSUIT**

The 1997 Non-Selection Claim[1]

Briefly outlining the facts of the Plaintiff's claim, in 1997 HUD created a new position, the "Community Builder," who would work with communities to access HUD programs. There were four such positions created in the Boston office. The Plaintiff, along with ten other candidates, made the "best qualified list" from which the final selections were made. The selecting official, Jose Citron ("Citron"), was provided the list of 11 possible candidates for the position, from which, he could select any four.

In making his decision, Citron contacted Mary Lou Crane ("Crane"), the Secretary's Representative for New England, who would supervise the community builders, regarding the

---

[1] This Court has entered summary judgment in favor of the Defendant as to all other claims of the Plaintiff's First Amended Complaint. See Docket # 62 and Notes of November 5, 2007 Proceedings.

candidates and their suitability for the Boston positions.[2]  Crane did not recommend Patoski, reporting that she felt that Patoski lacked the necessary interpersonal skills for the CB position. As result, Pastoski was ranked last of the eleven candidates by Citron.

Ultimately, three men and three women were selected for the position (one woman and one man declined to accept the position).

Argument

In this action, the Plaintiff seeks to call witnesses to testify regarding "derogatory comments made publicly by Ms. Crane regarding Plaintiff's EO complaint."  See Joint Pre-trial Memorandum, Section K, No. 24.  Any derogatory statement concerning this lawsuit are irrelevant, and, even if relevant, would likely be unduly prejudicial and should therefore be excluded under Fed. R. Evid. 403.

Any individual accused of discrimination is likely to take a dim view of the merits of a lawsuit filed against them.  If the Plaintiff simply seeks to offer statements of Ms. Crane confirming such displeasure, the statements should be excluded as both irrelevant and unduly prejudicial.

---

[2] The Plaintiff contends that in these circumstances that he may prevail if he can establish that either Crane or Citron harbored discriminatory intent.  See Cariglia v. Hertz Equipment Rental Corporation, 363 F.3d 77 (1st Cir. 2004).

Conclusion

For the foregoing reasons, Defendant requests that the Plaintiff be precluded from offering testimony regarding these alleged statements.

>Respectfully Submitted,
>MICHAEL J. SULLIVAN
>UNITED STATES ATTORNEY
>
>By:   /s/ Mark J. Grady
>Mark J. Grady, Assistant United States Attorney
>United States Attorney's Office
>1 Courthouse Way– Suite 9200
>Boston, MA 02210
>617) 748-3136

Certificate of Compliance

I certify that I have discussed the relief requested by way of this Motion with Plaintiff's counsel.  No agreement could be reached as to this issue.

>/s/ Mark J. Grady
>Mark J. Grady
>Assistant U.S. Attorney

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 27, 2008.

>/s/ Mark J. Grady
>Mark J. Grady
>Assistant U.S. Attorney