UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD PATOSKI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALPHONSO JACKSON, Secretary, )<br>Department of Housing and Urban )<br>Development, )<br>)<br>Defendant. )<br>) | Civil Action No. 05-11086-RCL |

**MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS COUNT III, ALLEGING COMBINED AGE AND GENDER BASED DISCRIMINATION, AND MEMORANDUM REGARDING THE AVAILABILITY OF A JURY TRIAL FOR CLAIMS ALLEGING MIXED AGE AND GENDER BASED DISCRIMINATION**

The Defendant, Alfonso Jackson, by and through his attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, submits this memorandum in support of the motion to dismiss Count III of the Plaintiffs' First Amended Complaint for lack of subject matter jurisdiction.

Briefly outlining the facts of the Plaintiff's claim, in 1997 HUD created a new position, the "Community Builder," who would work with communities to access HUD programs. There were four such positions created in the Boston office. The Plaintiff, along with ten other candidates, made the "best qualified list" from which the final selections were made. The selecting official, Jose Citron ("Citron"), was provided the list of 11 possible candidates for the position, of whom, he could select any four.

In making his decision, Citron contacted Mary Lou Crane ("Crane"), the Secretary's Representative for New England, who would supervise the community builders, regarding the

candidates and their suitability for the Boston positions.[1] Crane did not recommend Patoski, reporting that she felt that Patoski lacked the necessary interpersonal skills for the CB position. As result, Pastoski was ranked last of the eleven candidates by Citron.

Ultimately, three men and three women were selected for the position (one woman and one man declined to accept the position).

The Plaintiff has challenged his non selection alleging four Counts. Specifically, Plaintiff claims that gender discrimination was a motivating factor in the decision not to hire him (Count IV); that he was denied the position based upon gender discrimination (Count II); that he was denied the position based upon his age (Count I); and that he was denied the position on the basis of combined age and gender based discrimination (Count III).

As explained more fully below, recognizing that the United States has unequivocally waived its sovereign immunity as to the claims pressed by way Counts I, II and IV, Count III of the Plaintiff's complaint must nonetheless be dismissed because no statute recognizes the right to sue the United States for claims alleging a combination of age and gender discrimination, and further, allowing such a claim to proceed is inconsistent with the statutory scheme established by Congress.

---

[1] The Plaintiff contends that in these circumstances that he may prevail if he can establish that either Crane or Citron harbored discriminatory intent. See Cariglia v. Hertz Equipment Rental Corporation, 363 F.3d 77 (1st Cir. 2004).

## ARGUMENT

**I.    No Claim May Be Pursued Against The United States In The Absence Of A Clear And Unequivocal Waiver of Sovereign Immunity**

The Supreme Court has repeatedly emphasized that the consent of the United States to suit must be found in a clear, unequivocal, specific statement in a statute enacted by Congress. See United States v. Idaho, 113 S.Ct. 1893, 1896 (1993); Department of Energy v. Ohio, 112 S.Ct. 1627, 1633 (1992); United States v. Nordic Village, Inc., 112 S.Ct. 1011, 1014-15 (1992); Ardestani v. Immigration & Naturalization Service, 112 S.Ct. 515, 520 (1991). See also Block v. North Dakota, 461 U.S. 273, 280 (1983); Maine v. Department of Navy, 973 F.2d 1007, 1011 (1st Cir. 1992).

Indeed, even if Congress enacts a statute that waives the sovereign immunity of the United States in some circumstances, the statutory text must be construed narrowly. E.g., Department of Energy v. Ohio, 112 S.Ct. at 1639. The waiver may not be enlarged beyond what the language of the statute requires, e.g., Idaho, 113 S.Ct. at 1896; Department of Energy v. Ohio, 112 S.Ct. at 1633, and the statute must be construed in favor of the sovereign. E.g., id. at 1633; Ardestani, 112 S.Ct. at 520.

Title VII prohibits discrimination in federal employment based upon race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-16(a). Similarly, the ADEA prohibits discrimination in federal employment based upon age. 29 U.S.C. § 633(a). In this regard, Plaintiff's claims in Counts I, II and IV, are unquestionably properly brought pursuant to an unequivocal waiver of the United States' sovereign immunity. Count III of the Plaintiff's Complaint, however, seeks to recover for alleged combined "age and gender discrimination." Neither Title VII nor the ADEA expressly provides for any waiver of sovereign immunity as to such a claim.

"A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996). As applied, here, it is clear that the Plaintiff can pursue a claim for age discrimination, and a claim of gender based discrimination, but cannot pursue a wholly separate claim alleging both. Indeed, such a claim is wholly redundant, it is impossible to fathom a situation in which a factfinder could conclude that Mr. Patoski had been the victim of combined age and gender discrimination but neither age nor gender discrimination.

Further, recognizing such a claim would be contrary to the statutory scheme established by Congress. Congress has provided for a limited jury trial right as to claims of discrimination under Title VII as to certain damages. It has not recognized any right to jury trial for claims of age discrimination, deciding instead that such claims will be tried to this Court. See Lehman v. Nakshian, 453 U.S. 156, 168 (1981). Inasmuch as Plaintiff now argues that this "combined" claim entitles Plaintiff to a jury trial on issue of age discrimination, the "combined" claim is clearly a thinly veiled attempt to evade Congress' intent.

**II.     Assuming That the Plaintiff May Pursue A Claim For Mixed Age and Gender Discrimination, The Plaintiff Cannot Establish A Right to Jury Trial On This Issue**

"[T]he plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute." Lehman v. Nakshian, 453 U.S. 156, 168 (1981). The Supreme Court has concluded that the ADEA contains no right to a jury trial and, hence, Congress intended that age discrimination claims against the United States be tried to this Court.

No statute expressly provides for a jury trial right of "combined" age and gender discrimination claims, and therefore, if such a claim exists at all, it is one to be tried by this

Court.

## **CONCLUSION**

For the foregoing reasons, Defendant requests that Count III of the Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction.

                                        Respectfully Submitted,
                                        MICHAEL J. SULLIVAN
                                        UNITED STATES ATTORNEY

By:    /s/ Mark J. Grady
          Mark J. Grady, Assistant United States Attorney
          United States Attorney's Office
          1 Courthouse Way– Suite 9200
          Boston, MA 02210
          617) 748-3136