**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| RICHARD PATOSKI,<br><br>       Plaintiff,<br><br>       v.<br><br>ALPHONSO JACKSON, Secretary,<br>Department of Housing and Urban<br>Development,<br><br>       Defendant. | )<br>)<br>)   Civil Action No. 05-11086-EFH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ASSENTED TO MOTION FOR AN EXTENSION TO APRIL 25, 2008,**
**FOR THE PARTIES TO FILE RESPONSES TO MOTIONS IN LIMINE**
**AND MOTION TO DISMISS**

The Defendant hereby submits its assented to request that the time to file responses to the

Motions in Limine and a motion to dismiss, which were filed in this matter on March 27, and

April 1, 2008, be extended for a short period of time to April 25, 2008.  This matter was recently

reassigned to this Court from Judge Lindsay.  By way of background, the plaintiff describes the

claim, generally, in the following manner:

> In 1997, Mr. Patoski, a male, who was approximately 49 years old,
> applied for a Community Builder (CB) position at HUD in the Boston
> Field Office.  While he was well qualified for the position, he was
> rejected.  Instead, HUD offered a CB position to three women, one of
> whom was approximately twenty years younger than Mr. Patoski.  Mr.
> Patoski asserts four distinct claims for recovery.  First, he asserts that
> gender was a motivating factor in the decision to reject him (Count IV).
> Second, he asserts that but for his gender, he would have been hired into
> the position (Count II).  Third, he asserts that had he been younger, he
> would have been hired into the position (Count I).  Fourth, he asserts that
> he was discriminated against on account of a combination of gender and
> age discrimination (Count III).  Mr. Patoski will introduce evidence that
> gender was considered at every step of the selection process, agency-wide
> for all job actions, agency-wide for screening of the CB applicants and the

same for the CB applicants for Boston positions, and for the specific
decision-maker(s) involved in making the final decision on who to hire for
the CB positions in Boston.  Age likewise played a role in various stages
of the selection process.

Again, generally speaking, the Defendant contests the Plaintiff's claim, contending that Mr.

Patoski was not offered the position based upon the fact that the Defendant did not believe that

Mr. Patoski possessed the necessary manner and interpersonal skills for the Community Builder

position.

Between March 27, 2008 and April 1, 2008, the parties filed eleven motions.  Given the

very substantial number of pleadings, and the very substantial issues raised therein, it is

reasonably necessary to permit the parties a greater amount of time to respond than usual.  While

the Pre-Trial conference had been scheduled for April 3, 2008, it has been cancelled.  No trial

date has been established.  Moreover, the matter has been recently reassigned to this Court.

There is nothing scheduled in this case that conflicts with this moderate request for extension of

time, and the requested extension should not in any way delay this matter.

Wherefore, the Defendant requests that this Court grant its assented to motion, and extend to April 25, 2008 the deadline for the parties to file responses to the motions in limine and motion to dismiss that were filed during the period of March 27 through April 1, 2008.

Respectfully submitted,
MICHAEL J. SULLIVAN,
United States Attorney

By:    /s/ Mark J. Grady
Mark J. Grady, Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA  02210
617-748-3136

L.R. 7.1 Certificate of Compliance
I hereby certify that I conferred  with plaintiff's counsel who assented to the motion.
/s/ Mark J. Grady
Mark J. Grady
Assistant U.S. Attorney

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 7, 2008.

/s/ Mark J. Grady
Mark J. Grady
Assistant U.S. Attorney