UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD PATOSKI, ) | |
| ) | Civil Action No. 05-11086-EFH |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALPHONSO JACKSON, Secretary, ) | |
| Department of Housing and Urban ) | |
| Development, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO THE PLAINTIFF'S MOTION *IN LIMINE* "TO PRECLUDE ARGUMENT THAT HUD'S AEP PLAN WAS JUSTIFIED UNDER MD 714 OR OTHER LAW"**

By way of this Motion in Limine, the Plaintiff seeks to preclude government argument regarding the legality of HUD's AEP plan. This Motion, like the Plaintiff's Motion In Limine "Relating to HUD's AEP Program," ignores the prior rulings of Judge Lindsay and Magistrate Judge Alexander in this matter and ignores the established law of the case.

If evidence on this issue is to be precluded, it is the Plaintiff, not the Defendant who is precluded from introducing such evidence at trial. In this regard, the Defendant was granted summary judgment in its favor with respect to the Plaintiff's claim that HUD's AEP was illegal, and, to the extent that the Plaintiff seeks to introduce evidence of alleged discrimination against White males, Judge Alexander has previously ruled that the Plaintiff is barred from brining any claim involving alleged racial discrimination because he failed to exhaust *any* clam of racial discrimination administratively.

I.    **Plaintiff's Motion Non-Sensically Seeks To Preclude the Government From Arguing In Response To Evidence Which Prior Rulings In this Matter Establish That The Plaintiff Cannot Introduce At Trial**

Here, the Plaintiff would seek to introduce evidence concerning HUD's AEP Program, arguing that it unlawfully discriminated against White males.  Such argument in non-sensical because it seeks to preclude government argument as to issues which both Judge Lindsay and Magistrate Alexander have previously ruled are not at issue in this case.

As fully set out in the Defendant's Response to the Plaintiff's Motion in Limine "Relating to HUD's AEP Program" [D. 70]  the government has prevailed at summary judgment with respect to Plaintiff's claim that HUD's AEP was an "illegal affirmative action plan." [D. 85, p. 1-8].  To briefly recount, the Plaintiff filed a Motion for Summary Judgment asking  Judge Lindsay to conclude that HUD's AEP was illegal and requesting that the jury be instructed as such.[1]  The Defendant, conversely, argued that any claim with respect to the AEP was moot as the Program had been superseded, and, the Plaintiff had failed to establish any connection between the AEP and the hiring decision at issue. [D. 47, p. 11; D. 53, p. 12-14].

 After hearing, Judge Lindsay not only rejected the Plaintiff's argument that Plaintiff was entitled to a finding that HUD's AEP was illegal, he granted the Defendant's Motion for Summary Judgment as to Count VII,[2] finding that the claim was moot and that the Plaintiff had

---

[1] See Plaintiff's Memorandum in Support of the Motion for Summary Judgment [D. 42], p. 6. ("Plaintiff seeks a declaration, pursuant to Rule 56(d), that the AEP constituted an unlawful discriminatory practice, so that when the rest of the case is tried, the jury will know that when Plaintiff was rejected, that HUD illegally disfavored White males through this formal program.").

[2] Count VII of the First Amended Complaint alleged that HUD's AEP was an "illegal affirmative action plan." [D. 12].

2

failed to establish that HUD's AEP played any role in the Community Builder process. [Order dated November 5, 2007; D. 62]. In so doing, Judge Lindsay specifically rejected Plaintiff's argument that the validity of HUD's AEP was a live issue for purposes of Plaintiff's gender and age discrimination claims in Counts I-IV. [Order dated November 5, 2007; D. 62].[3]

Similarly, as fully recounted in the Defendant's Response to the Plaintiff's Motion In Limine "Relating to HUD's AEP Program," the Plaintiff has been precluded from arguing that any claim of racial discrimination contributed to his non-selection for the Community Builder position. See Defendant's Response to the Plaintiff's Motion Relating to HUD's AEP Program, [D. 85, p. 8-13]. To briefly recount that issue, in denying Plaintiffs' Motion to Amend the Complaint to add claims of race based discrimination, Judge Alexander found that the Plaintiff has failed to raise *any issue* of racial discrimination administratively and, thus, could not do so in this Court. Id.; and Patoski v. Jackson, 477 F.Supp.2d 361 (D. Mass. 2007).[4]

In light of the fact that the Defendant has prevailed at summary judgment with respect to Plaintiff's claims regarding HUD's AEP, and, in light of the fact that Judge Alexander has previously ruled that the Plaintiff is precluded from bringing any claims involving alleged racial discrimination, the prior rulings in this matter clearly preclude Plaintiff from seeking to

---

[3] In light of this Court's assignment, Defendant has requested transcripts of the Summary Judgment Hearing reflecting Judge Lindsay's deliberative process and will supplement this memorandum. Although, it should be noted, the Plaintiff, himself, acknowledges that Judge Lindsay has expressly rejected the argument that the validity of the AEP remained a live issue because of the gender discrimination claims now pending before this Court. See, Plaintiff's Motion for Certificate of Appealability, [D. 61] p. 2 ("The Court rejected Plaintiffs' second argument that Plaintiff's request for declaratory judgment was a live issue, given the parallel gender discrimination claims remaining in counts II and IV.")

[4] As Magistrate Judge Alexander's opinion was published, references are made to the published opinion and not the Docket.

introduce the very evidence on which this motion, ironically, seeks to preclude government argument.

**II.     This Court Cannot Preclude Argument That HUD AEP Is Legal**

Assuming, *arguendo*, that the issue has not been conclusively resolved in favor of the Defendant in this matter (it has), the Plaintiff's request that this Court preclude argument as to the legality of the AEP is without merit.  In adopting the very statute allowing this Plaintiff to sue the federal government, Congress required that each Executive department and agency prepare affirmative employment plans in accord with the directives of the EEOC.  Specifically, in 42 U.S.C. § 2000e-16, Congress provided:

> The Equal Employment Opportunity Commission shall--
> (1) be responsible for the annual review and approval of a national and regional equal employment opportunity plan which each department and agency and each appropriate unit referred to in subsection (a) of this section shall submit in order to maintain an affirmative program of equal employment opportunity for all such employees and applicants for employment;
> (2) be responsible for the review and evaluation of the operation of all agency equal employment opportunity programs, periodically obtaining and publishing (on at least a semiannual basis) progress reports from each such department, agency, or unit. . .

42 U.S.C. § 2000e-16 (b).

As has been previously noted, the EEOC has construed this authority to require that HUD, among other federal agencies, prepare Affirmative Employment Plan reports.  See EEOC M.D. 714 and EEOC MD-715; attached as Exhibits 18 and 19 to the Defendant's Motion for Summary Judgement [D. 48].  Unquestionably then, HUD cannot be precluded from offering argument as to either the propriety or the legality of such reports.  Such reports are *required* by the very statute upon which this Plaintiff relies in bringing this action and the EEOC regulations and directives adopted pursuant thereto.

**III.    The Plaintiff's Examples of Statistical Disparities Are From Reports Compiled Years After the Conduct at Issue in This Trial, and, Assuming That The Prior Rulings In This Matter Have Not Conclusively Resolved These Issues In Favor Of the Defendant, The Plaintiff's Evidence Should Be Excluded Under Fed. R. Evid. 403**

Putting aside the fact that HUD has prevailed at summary judgment on these issues and the fact that Magistrate Alexander has ruled that the Plaintiff cannot pursue any claim of race based discrimination in this court, there is no basis upon which to preclude the Defendant from offering evidence or argument in its defense.  Indeed, if there were no viable defense to these claims, the Plaintiff – and not the Defendant – would have prevailed at summary judgment.  In the posture of this matter, then, if there is any argument that preclusion is appropriate it would be that the Plaintiff is now precluded from seeking to re-litigate claims upon which the Defendant has already prevailed.

In any event, the claims with respect to HUD's AEP raised by way of the instant Motion are without merit, irrelevant, and should not be admitted at the trial of this matter.  First, as recounted above, since the Defendant has prevailed at summary judgment on this issue, none of this evidence should be admitted at all.  See supra; and Defendant's Response to Plaintiff's Motion "Relating to HUD's AEP Program," [D. 85].  Indeed, every one of the claims now pressed in this Motion were raised in the summary judgment stage and rejected by Judge Lindsay. [Order dated November 5, 2007; D. 62].

Second, the claims pressed in this motion are without merit or wholly irrelevant to the issues to be tried.  To illustrate, Patoski first appears to contend that since the EEOC Directive outlining how HUD was to prepare these statutorily required reports permitted HUD to establish

goals,[5] HUD should not be allowed to argue that establishing goals was permissible. [D. 71, p. 2]. This argument is non-sensical. If, as the Plaintiff's own motion acknowledges, the EEOC's Directive stated that agencies "may" adopt goals, HUD cannot be found to have acted in violation of the policy by electing to create such "goals."

Patoski next contends that HUD adopted goals without adequate justification, citing examples that have no effect, even if true, on the hiring decision at issue. For instance, Plaintiff complains of "goals" established for Asian American/Pacific Islanders and African American females. [D. 71, p. 4]. There were no African American females or Asian American/Pacific Islanders hired for the Boston Community Builder position. Similarly, Plaintiff points to allegedly improper goals for trainings and promotions, issues that are clearly not raised with respect to the Plaintiff's non selection. [D. 71, p. 4-5]. Indeed, the examples cited are from HUD's 1999 and 2001 AEP Reports, *reports compiled years after the conduct at issue in this matter*.

As was noted in the summary judgment proceedings (an argument with which Judge Lindsay agreed), for the AEP to be relevant, the Plaintiff must establish a causal connection between the AEP and the non-selections, *i.e.*, he must establish that the AEP *actually played a*

---

[5]Pursuant to the statutory directive of Congress, see 42 U.S.C. § 2000e-16(b), in its AEP Reports to EEOC, HUD conducted statistical analysis of its workforce in caparison to the civilian labor pool and analyzed its hirings, promotions and training. [D. 46, ¶ 70; D. 43, ¶ 24, 31-143 (and Exhibits cited); D. 52, ¶ 31-143]. With respect to hirings, where HUD's workforce reflected a "conspicuous absence" or "manifest imbalance" of a particular EEO group, MD 714 authorized HUD to generate a "numerical objective" that reflected the number of individuals from a particular group that would need to be hired to bring HUD's workforce into balance with the diversity of the civilian labor pool. [D. 46, ¶ 70; D. 43, ¶ 25; D. 52, ¶ 25.] These were not mandatory objectives and there was no timeline attached to such objectives. [D. 46, ¶ 70; D. 43, ¶ 28; D. 52, ¶ 28]. Pursuant to the directions of EEOC, no numerical objectives were established for White males under the AEP. [D. 52, ¶ 29].

*role in the decision making processes at issue*. Mlynczakv Bodman, 442 F.3d 1050, 1058 (7th Cir. 2006) ("The existence of DOE's affirmative action policy alone is not enough to permit a trier of fact to attribute this type of illegal manipulation to the decisionmakers."); Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 976 (9th Cir.1994)("Other circuits have held - and common sense tells us - that the mere fact of an affirmative action plan's existence is not relevant to proving discrimination unless the employer acted pursuant to the plan.  We agree."); Axel v. Apfel, 171 F.Supp.2d 522, 529 (D. Md. 2000) (same); Bostron v. Apfel, 104 F.Supp.2d 548, 555 -556 (D. Md. 2000) (same).  He has not.  Further, it was clearly established at the summary judgment proceedings that the decisonmakers at issue had no knowledge of the AEP's goals and did not reach any decision with respect to the Community Builder position based on these "goals." [D. 53, p. 14].

As regards Plaintiff's Complaint that no "goals" were established for White males, that is a claim precluded by earlier rulings in this matter.  Magistrate Judge Alexander has ruled that the Plaintiff cannot bring any claims in this matter based upon alleged racial discrimination because the Plaintiff never raised such claims administratively.  Patoski, 477 F.Supp.2d at 363-365.  See also, supra note 5.

Again, assuming *arguendo* that issues with respect to HUD's AEP have not been conclusively resolved in favor of the Defendant (they have), the evidence noted in the instant Motion in Limine, such as alleged statistical disparities in reports compiled years after the conduct in question in this case or with respect to claims of racial discrimination that are not at issue here, are clearly minimally relevant.  For the reasons previously noted in the Defendant's Motions in Limine [D. 75-77] even if this evidence construed to be minimally relevant to the

issue of intent (it is not), the evidence should be excluded under Fed. R. Evid. 403 for the reasons more fully set out in those Motions.

Finally, with respect to the relief requested by way of this Motion, the preclusion of government argument in its defense at trial, such a request is (at least for a party who lost on these very issues at summary judgment) wholly without merit.

### Conclusion

For the foregoing reasons, Defendant requests that Plaintiff's Motion In Limine "To Preclude Argument That HUD's AEP Plan Was Justified Under Md 714 or Other Law" be denied.

>     Respectfully Submitted,
>     MICHAEL J. SULLIVAN
>     UNITED STATES ATTORNEY
>
> By:  /s/ Mark J. Grady_____
>     Mark J. Grady, Assistant United States Attorney
>     United States Attorney's Office
>     1 Courthouse Way– Suite 9200
>     Boston, MA 02210
>     617) 748-3136

### Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 10, 2008.

>  /s/ Mark J. Grady
> Mark J. Grady
> Assistant U.S. Attorney