UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD S. PATOSKI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALPHONSO JACKSON, SECRETARY, )<br>DEPARTMENT OF HOUSING AND )<br>URBAN DEVELOPMENT, )<br>)<br>Defendant. ) | C.A. No. 05-11086 RCL |

**PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE REGARDING
COMMENTS MADE BY MS. CRANE CONCERNING PLAINTIFF'S LAWSUIT**

Plaintiff hereby opposes HUD's motion in limine to preclude evidence of

negative statements made by Ms. Crane about Plaintiff and his lawsuit. Ms. Crane was

one of the two decision makers involved in the decision to reject Plaintiff's application

for a Community Builder position. Plaintiff alleges that he was discriminated against on

the basis of his gender, his age, or a combination of both. Counts I-IV.

Ms. Crane recommended that Plaintiff be rejected for a Community Builder

position, and consequently, he was not promoted. After Plaintiff filed an EEO complaint

relating to that non-selection, Ms. Crane made several negative statements about Mr.

Patoski, including one at a meeting, to the effect that Mr. Patoski was a "disgruntled

employee."

A jury should be permitted to hear these statements to be able to evaluate Ms.

Crane, evaluate Ms. Crane's attitude towards Plaintiff, and evaluate whether Ms. Crane is

a credible or reliable witness with regard to this case. To the extent that Ms. Crane has

expressed hostility toward Mr. Patoski, a desire to disparage him, or an antipathy toward the instant litigation, that is important information for a jury to have. If the Defendant is correct that any person accused of discrimination is likely to take a dim view of the case, then a jury would be perfectly able to weigh and consider this allegedly ubiquitous type of reaction. Therefore, a jury would not be unfairly prejudiced by hearing the comments. The penultimate value here is to permit the jury to hear evidence concerning of the biases of this central witness.

Defendant cites no caselaw supporting the exclusion of this evidence. Consequently, Defendant's motion should be denied.

Respectfully submitted,

The Plaintiff,
By his Attorneys


_____/s/ Robert S. Mantell_____
Kevin G. Powers
BBO# 405020
Robert S. Mantell
BBO# 559715
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Suite 500
Boston, MA 02108
(617) 742-7010

Patoski opposition limine crane statements

2