UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD S. PATOSKI,<br><br>        Plaintiff,<br><br>v.<br><br>ALPHONSO JACKSON, SECRETARY,<br>DEPARTMENT OF HOUSING AND<br>URBAN DEVELOPMENT,<br><br>        Defendant. | C.A. No. 05-11086 RCL |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S ALLEGED LACK OF INTERPERSONAL SKILLS OCCURRING AFTER THE COMMUNITY BUILDER SELECTION PROCESS**

Plaintiff hereby submits his motion in limine to exclude evidence of Plaintiff's lack of interpersonal skills occurring **after** the Community Builder selection process. This case involves claims of gender and age discrimination arising out of Plaintiff's non-selection for a Community Builder position at HUD. Counts I-IV. That rejection occurred in December 1997. Defendant claims that Plaintiff was rejected based on the recommendation of the Secretary's Representative, who told the selecting officer that Plaintiff "lacked the necessary interpersonal skills for the CB position." Defendant's Motion in Limine to Exclude Testimony By Other Individuals of Their Opinion of Plaintiff's Interpersonal Skills, at 2, Docket 77.

It is Plaintiff's understanding that HUD will seek to introduce evidence of instances occurring after the selection process to demonstrate that the Secretary's Representative reasonably believed that Plaintiff had poor interpersonal skills. Such

evidence of subsequent conduct is completely irrelevant, because it could not have affected the rejection at issue in this case. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Even if the evidence could be said to be relevant (it is not), its introduction would have the sole result of unfairly prejudicing the Plaintiff. Fed. R. Evid. 403. Moreover, this is character evidence, rendered inadmissible under Fed. R. Evid. 404. Character evidence is generally not admissible to the extent that it is introduced to prove action in conformity therewith on a particular occasion. Id. Defendant would be introducing evidence of later problems to demonstrate that similar problems occurred prior to the selection process, and this is the sort of strategy that the rule disallows.

Exclusion of post hoc evidence of interpersonal conflicts dovetails with, and is consistent with, the argument made in one of Defendant's motions in limine, that evidence of interpersonal skills would be relevant only to the extent that it was communicated to the decision-makers prior to the selection decision. <u>Defendant's Motion in Limine to Exclude Testimony By Other Individuals of Their Opinion of Plaintiff's Interpersonal Skills</u>, at 2-3, <u>Docket 77</u>.

WHEREFORE, Plaintiff requests that this Court exclude all evidence of poor interpersonal skills, unless it can be demonstrated that such instances occurred prior to the CB selection process.

>Respectfully submitted,
>
>The Plaintiff,
>By his Attorneys
>
>_____/s/ Robert S. Mantell_____
>Kevin G. Powers
>BBO# 405020
>Robert S. Mantell
>BBO# 559715
>Rodgers, Powers & Schwartz LLP
>18 Tremont Street
>Suite 500
>Boston, MA  02108
>(617) 742-7010

## LR 7.1 CERTIFICATION

I, Robert S. Mantell, hereby certify that on April 21, 2008, I conferred by e-mail with the Attorney for Defendant, Mark J. Grady, Esq., in a good faith effort to resolve or narrow the issues contained herein. On April 21, 2008, Mr. Grady sent an e-mail communication indicating that Defendant would oppose the instant motion.

>_____/s/ Robert S. Mantell_____

Patoski opposition limine interpersonal skills