## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD PATOSKI, ) | |
| ) | Civil Action No. 05-11086-RCL |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALPHONSO JACKSON, Secretary, ) | |
| Department of Housing and Urban ) | |
| Development, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSE TO THE PLAINTIFF'S MOTION *IN LIMINE* RELATING TO ALLEGED CHARACTER EVIDENCE

While the Defendant, believes, based upon the representations of this Court at oral argument, that this Court intends to rule upon this issue at trial in the context of the complete factual record, the Defendant briefly responds to insure that this Court does not rule upon the Motion as unopposed.

With respect to its defense and the issue of Mr. Patoski's interpersonal skills, the Defendant now contemplates to elicit testimony from: (1) Mary Lou Crane, who interacted with the Plaintiff personally prior to the CB selection process and who had received complaints from public officials concerning Patoski's professional demeanor prior to the CB selection process, *see* Deposition of Mary Lou Crane, [D.[1] 48, Exhibit 14, p. 125-128]; (2) Bruce Tobey, who was the Mayor of Gloucester and who had complained to Mary Lou Crane about Patoski's

---

[1] Docket entries are cited as [D. *].

professional demeanor prior to the CB selection process;[2] and (3) from Robert Paquin and Arthur Tonnini, two of Plaintiff's supervisors prior to the CB selection process. [D. 48, Exhibit 8, p. 93-94, 98, 118-119, 140-141].

Inasmuch as some of this testimony may relate to events demonstrating a lack of interpersonal skills occurring soon after the selection process at issue does not effect either its relevance or admissibility. Indeed, such evidence is not impermissible "character evidence" at all. That is, the evidence would not be offered to prove that Mr. Patoski acted in a certain fashion at a given time. *See* Fed. R. Evid. 404(a) ("Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion."). Instead, such evidence would be offered to with respect to the intent of the Defendant, specifically, the reasonable belief of Ms. Crane, in advising the selecting official to choose other eligible candidates over Mr. Patoski. Evidence tending to support the Defendant's proffered justification, or refuting Plaintiff's claims that the justification is a pretext for discrimination, go directly to the issue of intent.

As provided in Fed. R. Evid. 404(b), there is no prohibition of the use of such evidence when it is introduced on the issue of intent. *See* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

---

[2]It is possible, but unclear, the instant motion is directed at the testimony of Ms. Crane and Mr. Tobey, as, at the summary judgment stage, the Plaintiff contended that his assignment to Gloucester occurred after the CB selection process. Inasmuch as a factual dispute may exist as to the timing of these complaints, it one for the jury to resolve upon hearing the testimony.

accident,. . .").

In any event, as regards what evidence may arise at trial with respect to such an issue are better addressed, as this Court has reported is its normal practice, in the setting of trial where this Court can rule on such issues in the context of a fully developed factual record.

## **Conclusion**

For the foregoing reasons, Defendant requests that Plaintiff's Motion In Limine Relating to Alleged Character Evidence be denied (or ruled upon in the context of trial).

                         Respectfully Submitted,
                         MICHAEL J. SULLIVAN
                         UNITED STATES ATTORNEY

By:    /s/ Mark J. Grady_____
        Mark J. Grady, Assistant United States Attorney
        United States Attorney's Office
        1 Courthouse Way– Suite 9200
        Boston, MA 02210
        617) 748-3136

Certificate of Service
I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 8, 2008.
                         /s/ Mark J. Grady
                         Mark J. Grady
                         Assistant U.S. Attorney